UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FREEDOM FROM RELIGION** | § | |
| **FOUNDATION, INC.** | § | |
| Plaintiff, | § | |
| | § | |
| -vs- | § | CASE NO. 1:16-CV-00233-SS |
| | § | |
| **GOVERNOR GREG ABBOTT, in his** | § | |
| **official and individual capacities, and** | § | |
| **JOHN SNEED, Executive Director of the** | § | |
| **Texas State Preservation Board, in his** | § | |
| **official and individual capacities,** | § | |
| Defendants. | § | |

## PROPOSED JOINT DISCOVERY CONTROL PLAN

Plaintiff Freedom From Religion Foundation, Inc. and Defendants Governor Greg Abbott and John Sneed, submit their proposed discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. Pursuant to Rule 26(f)(1), the parties conferred by telephone on May 26, 2016, and subsequently via email. Present and representing Plaintiff was Richard Bolton. Present and representing Defendants was Anne Marie Mackin. The parties hereby propose as follows:

**(1)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

The parties agree that their initial disclosures shall be exchanged within 21 days of the Court's disposition of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which was filed on May 13, 2016. The parties have not identified any other changes that should be made to the timing, form, or requirement for those disclosures.

**(2)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

All discovery should be commenced in time to be completed within 180 days after Defendants file their answer. The parties do not believe that discovery should be conducted in phases.

Plaintiffs seek discovery focused, among other things, on the facts and circumstances

supporting Plaintiff's allegations in the First Amended Complaint and any affirmative defenses of Defendants.

Defendants do not believe significant discovery is necessary, because this matter presents primarily a question of law for the Court's resolution. Defendant Governor Greg Abbott further notes that, between April 1, 2017 and July 1, 2017, he will be engrossed in the State legislative session and will be unable to devote significant time to discovery. The parties will agree to work in good faith to complete discovery no later than April 1, 2017.

**(3)** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

The parties agree they will make discoverable e-mail communications and other electronically stored information available in PDF format or as TIFF images with a load file. All such data will be produced to the opposing party on one or more recordable compact discs, or via secure electronic transmission.

The parties have not identified any other issues that would require the court's intervention at this time.

**(4)** **Any issues about claims of privilege or of protection of trial-preparation materials, including–if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order:**

The parties have not identified any issues about claims of privilege or of protection of trial-preparation materials (other than the creation and production of privilege logs to be exchanged at the appropriate juncture in the proceeding). The parties intend to negotiate and execute a clawback agreement governing the inadvertent production of any attorney-client privileged or work-product material.

**(5)** **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed:**

The parties do not foresee any changes or limitations to the nature or scope of discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules for the United States District Court, Western District of Texas.

**(6)** **Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) of the Federal Rules of Civil Procedure:**

None.

**(7)** **Other matters:**

   a.   Settlement is unlikely. This case involves a fundamental question of law. The parties have discussed settlement and have concluded that it is not possible due to

      the nature of this dispute.

b.      No jury demand has been made. If the case is ultimately tried, the parties do not believe that this matter—which involves a question of law—is proper for resolution before a jury. The parties agree that the estimated length of trial should be no more than 3 days.

c.      The parties do not consent to trial before a magistrate judge and will file the "Notice Concerning Reference to United States Magistrate Judge" with this Court on or before 14 days after Defendant files his Answer.

d.      Because Defendants' motion to dismiss could potentially dispose of all the claims in this case, the parties agree that it would be prudent to have the Court rule on the motion to dismiss before expending significant resources in discovery. As a result, the parties request that the Court stay the entry of a scheduling order pending resolution of Defendant's motion to dismiss.

**Dated this the 10th day of June, 2016.**

      Respectfully submitted,

      BOARDMAN AND CLARK, LLP
      1 S. Pinckney St., Suite 410
      Madison, Wisconsin  53703-4256
      Telephone: (608) 257-9521
      Telecopier: (608) 283-1709

      BY: */s/ Richard L. Bolton*
      Richard L. Bolton
      Wisconsin State Bar No. 1012552
      Email: rbolton@boardmanclark.com

      Daniel H. Byrne
      Texas State Bar No. 03565600
      Email: dbyrne@fbhf.com
      Lessie G. Fitzpatrick
      Texas State Bar No. 24012630
      Email: lfitzpatrick@fbhf.com
      FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC
      221 West 6th Street, Suite 960
      Austin, Texas 78701
      Telephone: (512) 476-2020
      Facsimile: (512) 477-5267

      Sam Grover
      Wisconsin State Bar No. 1096047

Email: sgrover@ffrf.org
Patrick Elliott
Wisconsin State Bar No. 1074300
Email: pelliott@ffrf.org
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin 53701
Telephone: (608) 256-8900
Telecopier: (608) 204-0422

ATTORNEYS FOR PLAINTIFF FREEDOM FROM RELIGION FOUNDATION, INC.


KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/Anne Marie Mackin*
ANNE MARIE MACKIN
Assistant Attorney General
Texas Bar No. 24078898
AUSTIN R. NIMOCKS
Associate Deputy for Special Litigation
Texas Bar No. 24002695
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 475-4080
(512) 320-0667 FAX
anna.mackin@texasattorneygeneral.gov

ATTORNEYS DEFENDANTS

4