IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., § § | | |
| *Plaintiff,* § § | | |
| v. § | No. 1-16:CV-00233-SS | |
| § | | |
| GOVERNOR GREG ABBOTT AND ROD WELSH,[1] EXECUTIVE DIRECTOR OF TEXAS STATE PRESERVATION BOARD, § § § § | | |
| *Defendants.* § | | |

## MOTION TO QUASH SUBPOENA FOR DEPOSITION OF NON-PARTY JOHN SNEED AND MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45, non-party John Sneed respectfully moves the Court to quash a subpoena for his deposition served upon him by the Plaintiff in this cause, and moves for protection from the same.

### INTRODUCTION

This case arises from the December 2015 removal of an exhibit from one of three exhibition spaces within the Texas State Capitol, which are managed by the State Preservation Board ("Board"),[2] while Sneed was serving as the Board's Executive Director. Sneed received a letter from Governor Greg Abbott—who serves as chairman of the Board[3]—explaining that the exhibit

---

[1] John Sneed, who was Executive Director of the Preservation Board when this lawsuit was filed, was initially named as a defendant in this lawsuit, along with Governor Abbott. The individual capacity claims against Director Sneed were dismissed by the Court on June 21, 2016 (Doc. 28). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Because Rod Welsh is now Executive Director of the State Preservation Board, he takes Director Sneed's place as an official capacity defendant in this cause.

[2] The Board is a State agency that manages and administers several State properties, including the Capitol. TEX. GOV'T CODE §§443.001, 443.007(a)(1).

[3] By statute, the Texas Governor is Chairman of the State Preservation Board. TEX. GOV'T CODE §443.004(a).

1

failed to comply with the "public purpose" requirement applicable to such exhibits. *See* 13 TEX. ADMIN. CODE §111.13(a)(3). After receiving this letter, Sneed, acting as the Board's Executive Director, had the exhibit taken down. Upon removal of the exhibit, the Freedom From Religion Foundation ("FFRF") sued Governor Abbott and Executive Director Sneed, in their official and individual capacities.

The Court has dismissed all but two of FFRF's claims. Doc. 38.[4] The Court has also dismissed all claims to the extent they are asserted against John Sneed in his individual capacity. Doc. 28. Thus, the only live claims related to Sneed are those against the office he used to hold: Executive Director of the State Preservation Board. *See supra* n.1.

On April 18, 2017, FFRF served Sneed with a subpoena to appear at a deposition on May 8, 2017. A copy of this subpoena is attached to and made part of this motion as Exhibit A. Under settled federal law, a current or former high-ranking government official—like the Executive Director of the State Preservation Board—"should not, absent extraordinary circumstances be called to testify regarding their reasons for taking official actions." *In re Office of Inspector Gen., R.R. Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) (citation omitted). Because FFRF cannot demonstrate such exceptional circumstances, the Court should grant this motion to quash and enter a protective order barring Sneed's deposition.

## ARGUMENT & AUTHORITIES

Rule 26(b)(1) permits parties to obtain discovery of non-privileged information reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Rule 30 likewise provides for broad access to persons during the discovery process. FED. R. CIV. P. 30(a).

---

[4] A more detailed statement of the factual background is set forth in the Court's Order partially granting and partially denying the Defendants' Motion for Summary Judgment. (Doc. 38). After the parties filed cross-motions for summary judgment, the Court allowed Plaintiff to pursue discovery into (1) whether Defendants engaged in "viewpoint discrimination," *id.* at 18, and (2) whether Defendants had a "secular purpose" for removing FFRF's exhibit, *id.* at 20.

Despite the broad scope of these rules, a court may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C)(iii). Rule 26(c)(1) authorizes the Court to order that proposed discovery not be had when justice so requires to protect a person from annoyance, embarrassment, oppression, or undue burden. *See* FED. R. CIV. P. 26(c)(1). Rule 30(d)(3) empowers a deponent to seek a protective order to prevent a deposition conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent. FED. R. CIV. P. 30(d)(3).

A party seeking a protective order must show good cause and the specific need for protection. *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (citations omitted); s*ee also Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)) (burden is upon the movant). In deciding whether to grant a motion for a protective order, the Court has significant discretion. *Ferko*, 218 F.R.D. at 133 (citation omitted).

It is settled that access to high-ranking government officials during the discovery process is limited. In *United States v. Morgan*, 313 U.S. 409, 422 (1941), the Supreme Court made clear that calling high-ranking government officials as witnesses is discouraged. "As its primary rationale, the Court recognized the importance of protecting the decision-making process of such officials." *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 316 (D.N.J. 2009) (citing *Morgan*, 313 U.S. at 422). Relying upon *Morgan*, the Fifth Circuit—and numerous other federal courts—have concluded that high-ranking government officials should not, absent extraordinary circumstances, be deposed regarding their reasons for taking official action: "[i]t is a settled rule in this circuit that 'exceptional circumstances must exist before the involuntary depositions of high

agency officials are permitted." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995).[5]

This includes an official's "reasons for taking official action, 'including the manner and extent of his study of the record and his consultation with subordinates.'" *Lederman v. New York City Dept. of Parks & Recreation*, 731 F.3d 199, 203 (2nd Cir. 2013) (citing *Morgan*, 313 U.S. at 422). The *Morgan* Court emphasized the need to protect against probes into the official decision making process, comparing a high government official to a judge: "[j]ust as a judge cannot be subjected to such scrutiny, so the integrity of the administrative process must be equally respected." *Morgan*, 313 U.S. at 422. And this protection survives the official's tenure in office—in large part *because* of the need to protect this decision-making process: "[s]ubjecting former officials [*sic*] decision-making processes to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service." *United States v. Wal-Mart Stores, Inc.*, No. CIV.A. PJM-01-1521, 2002 WL 562301, at *3 (D. Md. Mar. 29, 2002).

An official objecting to a deposition must first establish that he is "high-ranking," a standard which is generally satisfied where an individual sits at the head of a governmental agency. *See, e.g., Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition.").[6] And, as noted above, the

---

[5] *See also Bogan v. City of Boston*, 489 F.3d 417 (1st Cir. 2007); *Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999), *cert. denied*, 528 U.S. 986 (1999); *In re United States (Holder)*, 197 F.3d 310 (8th Cir. 1999); *In re United States (Kessler)*, 985 F.2d 510 (11th Cir. 1993) (per curiam), *cert. denied sub nom.*, *Faloon v. United States*, 510 U.S. 989 (1993); *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209 (4th Cir. 1991); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575 (D.C. Cir. 1985); *Sweeney v. Bond*, 669 F.2d 542 (8th Cir. 1982), *abrogated on other grounds by O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712 (1996); *Warren Bank v. Camp*, 396 F.2d 52 (6th Cir. 1968)).

[6] *See also EEOC v. Exxon Corp.*, 1998 U.S. Dist. LEXIS 1143, 6-7 (N.D. Tex. Jan. 19, 1998) (EEOC Chairman); *Harding v. Cnty. of Dallas*, 2016 U.S. Dist. LEXIS 177937, 22 (N.D. Tex. Dec. 23, 2016) (county judge and county commissioners); *Central Valley Chrysler Jeep, Inc. v. Witherspoon*, 2006 U.S. Dist. LEXIS 67933, 2006 WL 2619962, at *2 (E.D. Cal. 2006) (Executive Officer for California Air Resources Board); *Smith v. State, Dep't. of Children & Youth Services*, 179 F.R.D. 644 (N.D. Ga. 1998) (head of state department of juvenile justice); *State ex rel. Paige v. Canady*, 475 S.E.2d 154 (1996) (secretary tax commissioner of state department of tax and revenue); *Braga v. Hodgson*, 605 F.3d 58 (1st Cir. 2010) (sheriff); *Bogan v. City of Boston*, 489 F.3d 417 (mayor); *Bituminous Materials, Inc. v. Rice County, Minn.*, 126 F.3d 1068 (8th Cir. 1997) (county commissioners); *Olivieri v. Rodriguez*, 122 F.3d

presumption against deposing high-ranking officials about official decision-making survives the official's tenure in office.[7] Thus, as the former Executive Director of Texas's State Preservation Board—a State agency—Sneed is entitled to invoke this protection with respect to matters related to his official duties.

Once the Court determines that the official is entitled to invoke the protection, the burden shifts to the party seeking the deposition, who must show that exceptional circumstances exist. This requires a showing that the official's testimony "will likely lead to the discovery of admissible evidence and is essential to that party's case." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wisc. 1994). Additionally, depositions of such officials are only permitted where the official has firsthand knowledge that cannot be obtained from another source or through a less burdensome means. *See In re FDIC*, 58 F.3d at 1062-63; *In re Office of Inspector Gen.,* 933 F.2d at 279; *Hernandez v. Tex. Dep't. of Aging & Disability Servs.*, 2011 WL 6300852 (W.D. Tex. 2011).

## II.     FFRF cannot show exceptional circumstances here.

The deposition of Sneed is improper for two reasons. First, FFRF cannot show a likelihood that the former Executive Director has knowledge material to the outcome of this case. Second,

---

406 (7th Cir. 1997) (police superintendent); *Milione v. City University of New York*, 950 F. Supp. 2d 704 (S.D.N.Y. 2013) (chancellor), *aff'd*, 567 Fed. Appx. 38 (2d Cir. 2014); *Buono v. City of Newark*, 249 F.R.D. 469 (D.N.J. 2008) (mayor). *Cf. Bolden v. FEMA*, 2008 U.S. Dist. LEXIS 12013 (E.D. La. Feb. 15, 2008) (magistrate judge's order denying high-ranking official protection to FEMA's Assistant Administrator for Mitigation—where Mitigation branch was one of FEMA's many sections—was not clearly erroneous or contrary to law.)

[7] *See, e.g., United States v. Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3; *Thomas v. Cate*, 715 F.Supp.2d 1012, 1049 (E.D.Cal.2010) (noting that "the general rule prohibiting depositions of high-ranking government officials applies to former high-ranking officials" even though the "rationale based on interference with official duties is absent.") (citation omitted); *FDIC v. Galvan-Alvarez*, No. 1:15-mc-00752 (CRC), 2015 WL 5602342, at *4 (D.D.C. Sept. 4, 2015) (granting motion to quash subpoenas to former high FDIC officials where non-movant had not shown exceptional circumstances); *Horne v. Sch. Bd. of Miami-Dade Cty.*, 901 So. 2d 238, 241 (Fla. Dist. Ct. App. 2005) ("[T]he rule prescribing that agency heads and other high-ranking officials should not be compelled to testify unless it has been established that the testimony to be elicited is necessary, relevant, and unavailable from other sources is equally applicable to former agency heads and high-ranking officials in circumstances such as these involving past official conduct."); *Arnold Agency v. W. Va. Lottery Comm'n.*, 526 S.E.2d 583, 599 (1999) ("Former high-ranking government administrators…have a legitimate interest in avoiding unnecessary entanglements in civil litigation. That interest obviously survives leaving office.").

FFRF cannot show that it has sought discovery through less burdensome means or through another source. In fact, FFRF has served no requests for admission or interrogatories on the Defendants *at all*, and has rejected one Defendant's offer to provide a deposition on written questions. Additionally, because FFRF has already scheduled the deposition of a Preservation Board employee who has knowledge of FFRF's application, it must—at the very least—engage in some written discovery and complete this scheduled deposition before attempting to depose the former Executive Director himself.

> **A.    Plaintiff cannot show a likelihood that deposing Sneed will lead to discovery of relevant evidence.**

It is not disputed that, in concluding that FFRF's exhibit violated the "public purpose" requirement for Capitol displays, Sneed acted in response to a letter from the Board's Chairman, Governor Abbott. Doc. 38 at 4 (Sneed had exhibit removed after receipt of Governor's letter; 5 (Sneed indicating that, for the reasons outlined in the Governor's 2015 letter, an application by FFRF to display an identical exhibit in 2016 would be rejected for failure to satisfy the public purpose requirement) (citations omitted). *See also* TEX. GOV'T CODE §443.0051(a) (the "executive director [] serves under the sole direction of the board."). There is no evidence or allegation that Sneed was motivated by anything other than the arguments in the Governor's letter–namely, that FFRF's exhibit was offensive and failed to serve a "public purpose."

Thus, FFRF cannot point to *any* disputed material fact that Sneed's deposition testimony would help resolve. That is, in ruling on the cross-motions for summary judgment, the Court concluded that "because the Board initially found FFRF's exhibit had a 'public purpose' and only excluded the exhibit when Governor Abbott sent his letter of criticisms, a genuine issue of material fact exists regarding whether Defendants engaged in viewpoint discrimination." Doc. 38 at 18. But "it is normally inappropriate to 'probe the mental processes and motives of the individual decision-

6

maker, rather than to question the objective legal validity of the institutional decision.'" *In re Office of Inspector Gen.*, 933 F.2d at 278 (quoting *Kent Corp. v. NLRB*, 530 F.2d 612, 620 (5th Cir.), *cert. denied*, 429 U.S. 920, (1976)).

Here, the reasons for Sneed's actions as Executive Director are clear from the letter he acted in response to, as confirmed and emphasized by his later statements. Doc. 38 at 4, 5. Indeed, the Court has already concluded that "reasonable grounds existed for Defendants' exclusion of FFRF's exhibit" from the exhibition areas in the Texas Capitol. Doc. 38 at 16. In particular, "[g]iven that the Capitol exhibition area is a limited forum used to display exhibits that have a 'public purpose,' it was reasonable to believe FFRF's display, and its satirical view of the traditional nativity scene, would not benefit the community at large." *Id.* (citation omitted). FFRF has therefore established no basis to "'probe [Sneed's] mental processes and motives…rather than to question the objective legal validity of the institutional decision.'" *In re Office of Inspector Gen.*, 933 F.2d at 278 (citation omitted). This is particularly so given that the individual capacity claims against him have already been dismissed. Doc. 28.

### B. FFRF's refusal to seek discovery through less intrusive means renders its attempt to depose the former Executive Director premature, at best.

Even if FFRF could show that Sneed had knowledge material to this case, it still could not show exceptional circumstances, because it has not sought discovery through less burdensome means, or through another source. Where a party seeks to depose a high official, "[i]f other persons can provide the information sought, discovery will not be permitted against such an official." *In re United States*, 197 F.3d at 314 (8th Cir. 1999) (citation omitted); *see also In re FDIC*, 58 F.3d at 1062 ("We think it will be the rarest of cases…in which exceptional circumstances can be shown where the testimony is available from an alternate witness.").

Here, FFRF has already scheduled the deposition of Robert Davis, the Board's Capitol

7

Events and Exhibits Coordinator, who communicated with FFRF regarding its 2015 exhibit. *See* Exhibit B (Davis Deposition Notice). It is therefore premature to subpoena former Executive Director Sneed. Instead, FFRF must first depose Davis and pursue written discovery, before it can possibly demonstrate that the "exceptional circumstances" required are present here. *E.g.*, *FDIC v. Galvan-Alvarez*, 2015 WL 5602342, at *4 (granting motion to quash subpoenas to high FDIC officials where FDIC had made lower-ranking officials available to provide discovery sought). FFRF cannot, as it has done here, simply refuse to pursue less burdensome discovery without a valid justification. *See* Exhibit C.

FFRF's actions demonstrate that it seeks Sneed's deposition without a purpose that is proper under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26(c)(1); FED. R. CIV. P. 30(d)(3); *Alexander v. FBI*, 186 F.R.D. 1, 5 (D.D.C.1998) (denying a request for discovery of a high ranking government official because "there are other avenues of discovery that plaintiffs may purse to establish their theory."). This is particularly so when viewed in light of the fact that FFRF has not served a single interrogatory or request for admission on the Defendants. *Contra Kyle Engineering Co v. Kleppe*, 600 F.2d at 231 ("the district court's order directing [Administrator of US Small Business Administration] to answer interrogations in lieu of a deposition does not appear unreasonable.") As a result, FFRF has not shown the requisite exceptional circumstances.

## CONCLUSION & PRAYER

FFRF cannot show that the former Executive Director has knowledge material to the outcome of this case. It also has not even attempted to obtain discovery through less intrusive means, or another source, as required to depose a high government official, like the former head of a State administrative agency. As a result, the Court should quash the subpoena attached as Exhibit A and enter a protective order preventing the deposition of non-party John Sneed.

Dated this 20th day of April, 2017.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY STARR
        Deputy First Assistant Attorney General

        JAMES E. DAVIS
        Deputy Attorney General for Civil Litigation

        ANGELA V. COLMENERO
        Chief, General Litigation Division

        <u>/s/Anne Marie Mackin</u>
        ANNE MARIE MACKIN
        Texas Bar No. 24078898
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 475-4080
        (512) 320-0667 FAX
        anna.mackin@oag.texas.gov

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

The movant certifies that he, through his attorney, Assistant Attorney General Anne Marie Mackin, has endeavored to resolve this matter out of Court.

        <u>/s/Anne Marie Mackin</u>
        Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that, on this the 20th day of April, 2017, a true and correct copy of the foregoing was filed electronically with the Court, causing electronic service upon all counsel of record.

/s/Anne Marie Mackin
Assistant Attorney General