IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, | § | |
| INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 1-16:CV-00233-SS |
| | § | |
| GOVERNOR GREG ABBOTT AND ROD | § | |
| WELSH,[1] EXECUTIVE DIRECTOR OF TEXAS | § | |
| STATE PRESERVATION BOARD, | § | |
| *Defendants.* | § | |

GOVERNOR GREG ABBOTT'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

The Governor's motion for a protective order should be granted for three reasons.

1.      Plaintiff Freedom From Religion Foundation ("FFRF") concedes that it shoulders the legal burden to prove the "exceptional circumstances" that warrant taking the Governor's deposition.  And in making that concession, FFRF points to *only one case* from any court that allows a plaintiff to depose a high-ranking government official—namely, *Sherrod v. Breitbart*, 304 F.R.D. 73 (D.D.C. 2014).[2]  In that case, the Secretary of Agriculture admitted that he

---

[1] John Sneed, who was Executive Director of the Preservation Board when this lawsuit was filed, was initially named as a defendant in this lawsuit, along with Governor Abbott. The individual capacity claims against Director Sneed were dismissed by the Court on June 21, 2016 (Doc. 28). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Because Rod Welsh is now Executive Director of the State Preservation Board, he takes Director Sneed's place as an official capacity defendant in this cause.

[2] Plaintiff bizarrely cites *Anderson v. County of Contra Costa*, 2017 WL 930315 (N.D. Cal. Mar. 9, 2017), in which the magistrate judge *denied* the plaintiff's request to depose a sheriff.  That case obviously supports Governor Abbott's position, not FFRF's.  Plaintiff also cites *Byrd v. District of Columbia*, 259 F.R.D. 1 (D.D.C. 2009), but in that case, the court concluded that neither the former director nor the current director of the D.C. Department of Parks and Recreation were high-ranking government officials.  The governor plainly is.  *See, e.g.*, *Sweeney v. Bond*, 669 F.2d 542 (8th Cir. 1982); *Shirley v. Chestnut*, 603 F.2d 805 (10th Cir. 1979); *Thomas v. Cate*, 715 F. Supp. 2d 1012 (E.D. Cal. 2010).

personally asked for the plaintiff's resignation, he personally called the plaintiff and apologized for asking for her resignation, he personally called the plaintiff and invited her back to the Department of Agriculture, and he personally met with the plaintiff to discuss both his apology and his invitation.  *See id.* at 74.  The Secretary's extraordinary level of personal involvement in the plaintiff's wrongful termination might well constitute the kind of extraordinary circumstances necessary to overcome the high-ranking-official immunity from a deposition.  But there is nothing even remotely close to those facts in this case.

2.      In an attempt to manufacture extraordinary circumstances, FFRF asserts that Governor Abbott "communicated directly" with the Executive Director of the State Preservation Board.  FFRF Br. in Opp. 9.  FFRF's only alleged source for that assertion is the deposition of Robert Davis, who serves as the Board's Events and Exhibits Coordinator.  *See id.*  But Mr. Davis said no such thing.  His entire deposition transcript is attached to this reply as Exhibit A.  And the very most Mr. Davis said is "I wouldn't know" what (if any) role the Governor played. Davis Dep. 30:15, 19; 31:2.

3.      Finally, FFRF now has made clear that it wants to depose both the Governor personally *and* his Office pursuant to Rule 30(b)(6) before completing any written discovery.  *See* Exhibit B.  Indeed, FFRF's Rule 30(b)(6) notice demands that the Governor's Office proffer a witness on two weeks' notice who can testify on *31 topics*, many of which have nothing at all to do with the Governor's Office.  *See* Exhibit C.  FFRF's overreach removes any doubt, to the extent any existed, that these depositions are more focused on harassment than fact development.

## CONCLUSION & PRAYER

For all of these reasons, the Court should enter a protective order preventing the deposition of Governor Abbott.

Dated this 1st day of May, 2017.

2

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

/s/  Angela V. Colmenero
ANGELA V. COLMENERO
Texas Bar No. 24048399
Chief, General Litigation Division

ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
General Litigation Division

AUSTIN R. NIMOCKS
Texas Bar No. 24002695
Associate Deputy for Special Litigation

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4080
(512) 320-0667 FAX
angela.colmenero@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

The movant certifies that he, through his attorney, Assistant Attorney General Anne Marie

Mackin, has endeavored to resolve this matter out of Court.

/s/Anne Marie Mackin
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that, on this the 1st day of May, 2017, a true and correct copy of the foregoing was filed electronically with the Court, causing electronic service upon all counsel of record.

/s/Anne Marie Mackin
Assistant Attorney General