AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1-16: CV-00233 |
| GOVERNER GREG ABBOTT, in his official and individual capacities, and RON WELSH, et al | ) ) | |
| *Defendant* | ) | |

**EXHIBIT C**

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Officer of the Governor of the State of Texas

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: Please see Attachment A.

| Place: Fritz, Byrne, Head & Gilstrap, PLLC<br>221 W. 6th Street, Suite 960<br>Austin, TX 78701 | Date and Time:<br>05/15/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: certified court reporter and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*                    OR    s/ Daniel H. Byrne

_____                 _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* FREEDOM FROM RELIGION FOUNDATION, INC. , who issues or requests this subpoena, are:

Daniel H. Byrne, 221 W. 6th Street, Suite 960, Austin, Texas 78701, dbyrne@fbhg.law (512) 476-2020

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1-16: CV-00233

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### AREAS OF EXAMINATION

1. The conception, drafting, editing, finalization, approval, signing and distribution of Governor Abbott's letter of December 21, 2015 to John Sneed requesting the removal of FFRF's Winter Solstice/Bill of Rights display from the Texas State Capitol. (*See* Exhibit 1 attached hereto).

2. The identity of each person involved in any of the actions referenced in paragraph 1 above, including without limitation persons on Governor Abbott's staff.

3. The posting on Governor Abbott's personal or official Governor Twitter page regarding Governor Abbott's letter demanding that FFRF's display be removed immediately from the Capitol. (S*ee* Exhibit 2 attached hereto).

4. The identity of the person(s) who brought the FFRF Winter Solstice/Bill of Rights display to the attention of Governor Abbott.

5. Governor Abbott's reaction to FFRF's Winter Solstice/Bill of Rights display in the State Capitol.

6. Instruction or direction by Governor Abbott to compose, draft, or edit a letter to John Sneed regarding FFRF's Winter Solstice/Bill of Rights display in the State Capitol.

7. Governor Abbott's knowledge and understanding of the applicable standards for approving display or exhibits in the State Capitol.

8. Distribution of Governor Abbott's letter of December 21, 2015, to any media source, including without limitation, to Breitbart Texas or Lana Shadwick. (*See* Exhibit 3 attached hereto).

9. Each instance in which Governor Abbott and/or his staff have requested the

removal of a display or exhibit from the State Capitol.

10. All communications by the Governor or any other person in his office with John Sneed regarding FFRF's Winter Solstice/Bill of Rights display in the State Capitol.

11. Any communication by John Sneed to Governor Abbott or any other person in the Governor's office regarding FFRF's Winter Solstice/Bill of Rights display in the State Capitol.

12. Governor Abbott's duties as chairman of the State Preservation Board.

13. Governor Abbott's role or involvement in the approval and/or scheduling of Capitol events and/or exhibits displayed in the public areas of the Capitol.

14. The purpose, meaning, and/or construction of Governor Abbott's December 21, 2015, letter to John Sneed regarding FFRF's Winter Solstice/Bill of Rights display in the Capitol.

15. The construction, interpretation, and/or application of the criteria for exhibit approval in the State Capitol by the State Preservation Board, as understood by Governor Abbott and/or others in his office.

16. Knowledge by Governor Abbott's office of the display of a Christian Nativity Scene in the State Capitol in 2014, 2015 and/or 2016.

17. Governor Abbott's approval or support of the display of a Christian Nativity Scene in the State Capitol in 2014, 2015, and/or 2016.

18. All communications between Governor Abbott's office and the Texas Nativity Scene Project and/or the Thomas More Society regarding display of a Nativity scene in the State Capitol.

19. Governor Abbott's knowledge and/or familiarity of FFRF prior to December of 2015.

20. Governor Abbott's statement to Fox News and Commentary, in December of 2011, when he was the Texas Attorney General, that atheists should not mess with Texas and its nativity scenes or Ten Commandments displays.

21. Governor Abbott's statement in December of 2011 to the effect that "there is a person, a lawyer and an organization in this State that has the law, the muscle, and firepower to go toe-to-toe with these organizations that come from out of state trying to bully governmental bodies into tearing down things like Nativity scenes."

22. Governor Abbott's statement in December of 2011 that he "wanted the Freedom From Religion Foundation to know that his office [Attorney General] has a history of defending religious displays in this State."

23. Governor Abbott's statements during a press conference in October 2012, while Texas Attorney General, in which he stated to the effect that "we will not allow atheist groups from outside the State of Texas to come into the state, to use menacing and misleading intimidation tactics, to try to bully schools to bow down at the altar of secular beliefs."

24. Governor Abbott's statement during a press conference in October of 2012, while Texas Attorney General, to the effect that "we are not going to either tolerate or accept these atheist groups trying to prevent that freedom of expression here in the State of Texas."

25. Governor Abbott's defense and/or support of the Brewster County Sheriff's Office right to display a Latin cross on Department vehicles in December of 2015.

26. Governor Abbott's memorandum to the Chair of the Opinion Committee within the Office of the Texas Attorney General favoring the display of Latin crosses on sheriff department vehicles.

27. Governor Abbott's belief that religious expression by public officials, acting in

official roles, should be allowed, including because Americans allegedly are religious people whose institutions presuppose a Supreme Being.

28. Governor Abbott's support and encouragement of the City of Orange to continue displaying a Nativity scene in the City Hall.

29. Governor Abbott's support of a Cherokee County Courthouse Nativity scene in December of 2014.

30. Specific instances of Governor Abbott's support and/or advocacy of expressions of non-religious viewpoints.

31. Governor Abbott's knowledge or awareness of FFRF's application to display a Winter Solstice/Bill of Rights exhibit in the State Capitol in 2016, including any communications with John Sneed.