IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., | § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 1-16:cv-00233-SS |
| GOVERNOR GREG ABBOTT AND ROD WELSH,[1] EXECUTIVE DIRECTOR OF TEXAS STATE PRESERVATION BOARD, | § § § § | |
| *Defendants.* | § | |

_____

**JOHN SNEED'S REPLY IN SUPPORT OF MOTION TO QUASH**

_____

On April 20, 2017, non-party John Sneed filed a motion to quash a subpoena for his deposition served by Plaintiff Freedom From Religion Foundation ("FFRF"). Doc. 42. On May 1, 2017, FFRF filed a combined brief in opposition to both Sneed's Motion, and to Defendant Governor Abbott's Motion for Protective Order. Doc. 51.[2] FFRF's brief in opposition fails to raise any persuasive arguments in response to Sneed's Motion to Quash, and as a result, Sneed's Motion to Quash should be granted.

First, as Governor Abbott noted in his filing yesterday, Doc. 52, FFRF's only authorities in support of deposing Governor Abbott and Mr. Sneed are all distinguishable. *See* Doc. 52 at 1-2

---

[1] John Sneed, who was Executive Director of the Preservation Board when this lawsuit was filed, was initially named as a defendant in this lawsuit, along with Governor Abbott. The individual capacity claims against Director Sneed were dismissed by the Court on June 21, 2016 (Doc. 28). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Because Rod Welsh is now Executive Director of the State Preservation Board, he takes Director Sneed's place as an official capacity defendant in this cause.

[2] Governor Abbott filed his reply May 1, 2017. Doc. 52.

1

and n. 2. Sneed incorporates the Governor's arguments on this point by reference as if fully set forth herein.

Second, FFRF's attempt to demonstrate the extraordinary circumstances necessary to depose Mr. Sneed is based entirely upon misstatements of the testimony of Robert Davis, the Preservation Board's Events and Exhibits Coordinator. FFRF's misstatements of fact, as refuted by Mr. Davis's testimony (a copy of which is attached hereto as Exhibit A).

For example, FFRF attempts to demonstrate extraordinary circumstances with the unsubstantiated assertion that "Mr. Sneed apparently had direct contact with the Governor, regarding removal of FFRF's display." Doc. 51 at 9. Yet, FFRF's only authority for this proposition is the hearsay affidavit of its own attorney. *Id.* (citing Bolton Decl. ¶53). Mr. Bolton states that "Davis was ordered on December 22, 2015, to summarily remove FFRF's display, at the direction of Mr. Sneed, who communicated directly with Governor Abbott." Bolton Decl. ¶53. But Davis testified to no such thing, at most reiterating that he had *no* knowledge of direct contact between Governor Abbott and Mr. Sneed. *See, e.g.,* Exhibit A, Davis Tr. 29:19-20 ("I don't—you know, any conversations like that would have happened well over my head."); 30:15, 19; 31:2 ("I wouldn't know" what (if any) role the Governor played.)[3]

FFRF also makes the unsubstantiated assertion that Mr. Sneed "seemingly made the decision [to deny FFRF's exhibit application] unilaterally in 2016." Doc. 51 at 10. Here again, FFRF's only authority for this proposition is counsel's hearsay affidavit. *Id.* (citing Bolton Decl. ¶60). And, similarly, Davis did not testify to a "unilateral" decision by Mr. Sneed. Rather, the

---

[3] To the extent FFRF also suggests that Mr. Sneed attended meetings with the Governor's Office, this is similarly unsupported by the record. *Compare, e.g.,* Doc. 51 at 9 ("According to Mr. Davis, Mr. Sneed also attended at least some meetings to consider FFRF's initial application in the summer of 2015, but Davis could not recall anything specific about Mr. Sneed's involvement in such meetings.") *with* Exhibit A.

record reflects that FFRF's proposed 2016 exhibit was an exact replica of the 2015 exhibit—which

had been removed for violating the public purpose requirement. *See* <u>Exhibit A</u>, Davis Tr. 61:3-24.

Finally, counsel notes that, although Mr. Sneed has retired from State service, he is actively

and successfully pursing employment.

### CONCLUSION & PRAYER

For the reasons already briefed to the Court, and those here, non-party John Sneed

respectfully moves the Court to grant his Motion to Quash.

Dated this 2nd day of May, 2017.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

<u>/s/Anne Marie Mackin</u>
ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4080
(512) 320-0667 FAX
angela.colmenero@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF CONFERENCE

The movant certifies that he, through his attorney, Assistant Attorney General Anne Marie

Mackin, has endeavored to resolve this matter out of Court.

/s/Anne Marie Mackin
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that, on this the 2nd day of May, 2017, a true and correct copy of the foregoing

was filed electronically with the Court, causing electronic service upon all counsel of record.

/s/Anne Marie Mackin
Assistant Attorney General