IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | No. 1-16:CV-00233-SS |
| | § | |
| GOVERNOR GREG ABBOTT AND ROD WELSH,[1] EXECUTIVE DIRECTOR OF TEXAS STATE PRESERVATION BOARD, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

---

### GOVERNOR ABBOTT'S RESPONSE TO MOTION TO EXTEND SCHEDULING ORDER DEADLINES

---

On April 28, 2017, Plaintiff Freedom From Religion Foundation ("FFRF") filed a Motion to Extend Scheduling Order Deadlines in this cause. Doc. 48. That motion should be denied, for two primary reasons. **First**, FFRF has had ample opportunity to obtain the discovery that Federal Rule of Civil Procedure 26 permits, but has repeatedly declined to do so and has waited until the end of the discovery period to seek any discovery from Defendants. It is therefore inappropriate for the Court to modify the discovery schedule. *See* FED. R. CIV. P. 26(b)(2)(C)(ii). **Second**, FFRF is seeking discovery that is irrelevant and unnecessary in light of the Rule 12(c) motion filed by the Governor.  This is because the Governor is entitled to a ruling on his qualified immunity and an appeal of that issue to the Fifth Circuit before he is subject to the burdens associated with discovery. The Governor therefore respectfully requests a ruling on his Rule 12(c) motion before

---

[1] John Sneed, who was Executive Director of the Preservation Board when this lawsuit was filed, was initially named as a defendant in this lawsuit, along with Governor Abbott. The individual capacity claims against Director Sneed were dismissed by the Court on June 21, 2016 (Doc. 28). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Because Rod Welsh is now Executive Director of the State Preservation Board, he takes Director Sneed's place as an official capacity defendant in this cause.

the Court considers FFRF's Motion to Extend Scheduling Order Deadlines, and further requests that said motion be denied at this time.  Of course, the Defendants would agree to revisit and reopen discovery if it is eventually determined that the Governor is not entitled to qualified immunity.

      **1.**     Under Federal Rule of Civil Procedure 26(b)(2)(C)(ii), "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." FFRF has had months to serve written discovery. Yet, it has only served such discovery on Friday, April 21—just one week and one month before the close of discovery. *See* <u>Exhibit 1</u> (email serving written discovery requests); Doc. 39 ¶7 (setting May 26 as the close of discovery in this cause).

      The undersigned counsel has also proposed multiple alternative means for FFRF to obtain the discovery it is permitted under Federal Rule of Civil Procedure 26(b)(1): that which is relevant to the claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).[2] Defendants have in good faith offered various avenues to resolve the facts in dispute in a way that is proportional to the needs of the case, despite the presumption against depositions of high ranking state officials.[3] In this spirit, counsel for Defendants also agreed to accept service of a deposition

---

[2] *See also, e.g., Yee v. Cliff Veissman, Inc.,* No. 14-cv-01531, 2016 WL 950948, at *2 (N.D. Ill. March 7, 2016) (noting that the 2015 amendment to Rule 26(b) "deleted from Rule 26 a party's ability, for good cause, to obtain discovery of any information relevant to the subject matter of the case, and the notion that information is discoverable, even if not directly relevant, if it is reasonably calculated to lead to the discovery of admissible evidence.").

[3] In particular, as set forth in Doc. 49, the Governor's counsel has disclosed that the Governor did not draft or personally sign the December 2015 letter, and that the Governor has no unique personal knowledge of any fact that is relevant to this dispute, and has offered to prove these facts in multiple ways, including

-     Written requests for admission;
-     Written interrogatories
-     A deposition of the Governor's Office on written questions; or
-     Some other written instrument.

notice to the Office of the Governor under Rule 30(b)(6). <u>Exhibit 2</u>. But FFRF has continued to insist that it will pursue a deposition of the Governor and utilize unreasonable discovery mechanisms. *See id.*

For instance, in the Rule 30(b)(6) deposition notice directed to the Office of the Governor, FFRF lists *thirty-one* topics on which it expects the Governor's Office to prepare a witness to testify on May 15. Few if any of these topics are relevant to facts that are material to the outcome of this case. Despite this unreasonable approach to discovery, Defendants have attempted to work with FFRF as follows:

- Defendants have explained that May 15 is unworkable for the Governor's Office given the pending legislative session, but the Office has proposed that a deposition could possibly occur in July;

- The scope of the Rule 30(b)(6) notice is unduly broad, but Defendants are willing to meet and confer regarding appropriate topics; and

- Defendants have explained that the most efficient path forward is to await a ruling on outstanding legal issues which impact the scope of discovery—if Defendants lose these issues, they will agree to an extension of discovery at that time.

<u>Exhibit 3</u>. The meet and confer process has stalled as FFRF has still not provided a substantive response to Defendants' proposals. See *id.* FFRF's request to extend the discovery period has little merit in light of its lack of vigor in pursuing this case until a few weeks ago—deep in the thick of the legislative session, and the busiest time of the biennium for the Governor's Office. Because FFRF had ample opportunity to obtain the relevant and proportional discovery that is proper under

---

Counsel agreed to negotiate in good faith over any non-oral-deposition alternative FFRF might identify. FFRF rejected every single offer and demanded an oral deposition of the Governor. Doc. 49 at Ex. B.

Rule 26—but has refused all of these opportunities—Federal Rule of Civil Procedure 26(b)(2)(C)(ii) provides for the Court's denial of their motion to extend discovery deadlines.

**2.**    For the reasons set forth in his motion for judgment on the pleadings, the Governor submits that he is entitled to qualified immunity as a matter of law. Doc. 49. The Court's disposition of this motion will impact the scope of discovery. That is, if the Court agrees that the Governor's conduct was objectively reasonable, *see* Doc. 49 at 13-18, the scope of the topics under the Rule 30(b)(6) notice will be significantly narrowed and there may be no need for the deposition at all. A similar result will follow if the Court rules that no factually analogous precedent places the constitutionality of the Governor's actions beyond debate. *Id.* at 7-13. The most efficient path forward is for the Court to rule on the outstanding legal issues presented in the Rule 12(c) motion. That would serve the interests of the parties because it would resolve any remaining uncertainties about the scope of the facts in dispute.  And, to the extent Defendants are not successful in their legal challenges, they would consent to an extension of the discovery period at that time.

### CONCLUSION & PRAYER

The Court should deny FFRF's Motion to Extend Scheduling Order Deadlines.

Dated this 5th day of May, 2017.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

/s/Anne Marie Mackin
ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4080
(512) 320-0667 FAX
angela.colmenero@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

Defendant certifies that he, through his attorney, Assistant Attorney General Anne Marie

Mackin, has endeavored to resolve this matter out of Court.

/s/Anne Marie Mackin
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that, on this the 5th day of May, 2017, a true and correct copy of the foregoing

was filed electronically with the Court, causing electronic service upon all counsel of record.

/s/Anne Marie Mackin
Assistant Attorney General