IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., § § | |
| *Plaintiff,* § § | |
| v. § | No. 1:16-CV-00233-SS |
| § | |
| GOVERNOR GREG ABBOTT AND ROD WELSH,[1] EXECUTIVE DIRECTOR OF TEXAS STATE PRESERVATION BOARD, § § § | |
| *Defendants.* § | |

**DEFENDANT GOVERNOR GREG ABBOTT'S REPLY IN SUPPORT OF
MOTION FOR QUALIFIED IMMUNITY AND JUDGMENT ON THE PLEADINGS**

Plaintiff conflates two distinct issues: (1) whether Governor Abbott is entitled to a ruling on his qualified-immunity defense, and (2) whether Governor Abbott is entitled to qualified immunity. The answer to both questions is yes, but they are nonetheless distinct inquiries.

**1.** In its opinion on December 20, 2016, "the Court decline[d] to address [Governor Abbott's] qualified immunity argument." Doc. 38, at 24 n.7. That argument needs to be addressed now, however, because "[q]ualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (internal quotation marks omitted). FFRF now has propounded burdensome discovery, including but not limited to a demand that Governor Abbott personally sit for a deposition. To give the Governor's immunity from suit its full and proper effect, he should be dismissed from this suit at this time.

---

[1] John Sneed, who was Executive Director of the Preservation Board when this lawsuit was filed, was initially named as a defendant in this lawsuit, along with Governor Abbott. The individual capacity claims against Director Sneed were dismissed by the Court on June 21, 2016 (Doc. 28). Pursuant to Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]" Because Rod Welsh is now Executive Director of the State Preservation Board, he takes Director Sneed's place as an official capacity defendant in this cause.

Even if this Court disagrees that the Governor is entitled to qualified immunity, he is nonetheless entitled to a ruling on the question. That is so for three reasons.

First, the denial of qualified immunity constitutes a "final decision[]" that is appealable under 28 U.S.C. § 1291. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Indeed, the qualified-immunity imperative is so strong that an official can take multiple appeals of the issue—one each time he asks for and is denied the immunity in district court. *See Behrens v. Pelletier*, 516 U.S. 299, 305-10 (1996); CHARLES A. WRIGHT, ARTHUR R. MILLER, ET AL., 15A FED. PRAC. & PROC. JURIS. § 3914.10 (Apr. 2017 update).

Second, a district court cannot deprive an official of a qualified-immunity appeal by not deciding the question. As the Eighth Circuit has held, "to be appealable, an otherwise interlocutory order must address the collateral issue of qualified immunity. If the district court instead enters an interlocutory order that ignores a timely claim of qualified immunity, our proper course is to remand with instructions to consider the qualified immunity issue." *Cox v. Sugg*, 484 F.3d 1062, 1065 (8th Cir. 2007). Thus, even if this Court would rather reserve the qualified-immunity question for some later time, the Governor nonetheless can appeal and ask the Fifth Circuit for an instruction to have the answer now.

Third, a district court cannot deprive an official of a qualified-immunity appeal by labeling the question a factual one. *See, e.g.*, *Behrens*, 516 U.S. at 312-13; *Cantu v. Rocha*, 77 F.3d 795, 803 (5th Cir. 1996) ("[T]he district court's determination that 'material issues of fact remain' did not preclude appellate review."); *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996) ("[T]he district court's determination that 'material issues of fact remain' did not preclude appellate review."); *Aucoin v. Haney*, 306 F.3d 268, 271-72 (5th Cir. 2002) (same); *Land v. Trinity Mother Frances Health System*, No. 99-41348, 2000 WL 1701709, at *3 (5th Cir. Oct. 27, 2000)

("Appellate jurisdiction is not precluded simply because the order denying a summary judgment motion based on qualified immunity contains a determination that 'material issues of fact remain.'"); *see also Crenshaw v. Lister*, 556 F.3d 1283, 1289 (11th Cir. 2009) ("[T]he Supreme Court [in *Behrens*] has specifically rejected the contention that a district court's holding that material issues of fact remain bars interlocutory appellate review of related issues of law . . . ."). Even if this Court decides the qualified-immunity question is a factual one, the Governor *still* is entitled to the Fifth Circuit's review of the issue.  Were the rule otherwise, the Governor would have to wait until the conclusion of this case—after which his immunity from suit would be irretrievably lost—to get review of this Court's analysis.  Decades of caselaw preclude that result.

**2.** The straightest path forward, however, is to grant the Governor's qualified immunity in this Court.  The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality."  *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam).  Rather, the Supreme Court has directed judges to determine "whether the violative nature of *particular* conduct is clearly established" and to undertake this inquiry "in light of the specific context of the case, not as a broad general proposition."  *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)).

FFRF has not even attempted to do that.  It relies principally on *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017)—a case that was not even decided when the Defendants removed Plaintiff's offensive display.  And it should go without saying that Plaintiff can defeat Governor Abbott's qualified immunity only by relying on law that was "clearly established *at the time of the alleged wrong*."  *Anderson v. Creighton*, 483 U.S. 635, 650 (1987) (emphasis added); *see also, e.g.*, *Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013) (right must be clearly established using only law in existence at the time of the alleged violation); *Raffucci Alvarado v. Sonia Zayas*, 816 F.2d

3


818, 820 (1st Cir. 1987) ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful. The law does not require prescience." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982))).

FFRF also relies on cases—like *Heaney* and *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015)—with factual patterns poles apart from those here. It is true that *Heaney* held that a speaker cannot be forcibly removed from a city council meeting on account of his political viewpoint, and *Reed* held that a municipal sign ordinance was an unconstitutional content-based restriction on speech. But the Supreme Court has repeatedly emphasized that it is not enough for a general legal principle regarding, say, viewpoint- or content-based speech restrictions to be clearly established. Rather, the application of that principle of law must be clearly established *in the particular factual context* in which the official asserting qualified immunity was called upon to act:

> [T]he right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates that Clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right. Much the same could be said of any other constitutional or statutory violation. But if the test of clearly established law were to be applied at this level of generality, it would bear no relationship to the objective legal reasonableness that is the touchstone of the qualified immunity analysis. . . . It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

*Anderson*, 483 U.S. at 640. None of Plaintiff's cases involve any scenario even remotely resembling the one in this case. And therefore Plaintiff has effectively conceded that there is no law—much less clearly established law—that puts "beyond debate" that Defendants' *specific* conduct on the *specific* facts of this case was unconstitutional. *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

4

This Court already has held that the Governor's stated reasons for removing Plaintiff's offensive exhibit were objectively reasonable. *See* Doc. 38, at 16. Thus, framed at the appropriate level of generality, the qualified-immunity question is whether the Governor violated clearly established law as it existed in December 2015 by sending an objectively reasonable letter to request the removal of an objectively offensive display from the grounds of the Texas Capitol. Alternatively, the qualified-immunity question could be framed as whether Governor Abbott is precluded from sending an objectively reasonable letter regarding an objectively offensive display solely because he (as opposed to some other person or official) has litigated against the display's creator in the past. There is not a single case from a single jurisdiction that comes close to even suggesting either proposition, much less clearly establishing them.

\*   \*   \*

Finally, it bears emphasis that FFRF simply ignored—and hence waived any opposition to—the Governor's argument that the First Amendment legal standard is an objective one. *E.g.*, *Armbruster v. Comm'r*, 335 F. App'x 473, 474 (5th Cir. 2009) (failure to raise and develop arguments in opposition to motion results in waiver). The Governor will not repeat those arguments here, except to reemphasize that they provide an independent basis for entering judgment in his favor.

## CONCLUSION

The Governor's motion for qualified immunity and judgment on the pleadings should be granted.

Dated this 22nd day of May, 2017.

                                          Respectfully submitted,

                                          KEN PAXTON
                                          Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

/s/  Angela V. Colmenero
ANGELA V. COLMENERO
Texas Bar No. 24048399
Chief, General Litigation Division

ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
General Litigation Division

AUSTIN R. NIMOCKS
Texas Bar No. 24002695
Associate Deputy for Special Litigation

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4080
(512) 320-0667 FAX
angela.colmenero@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on this the 22nd day of May, 2017, a true and correct copy of the foregoing was filed electronically with the Court, causing electronic service upon all counsel of record.

/s/Anne Marie Mackin
Assistant Attorney General