UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.** §<br>    Plaintiff, §<br>§<br>-vs- §<br>§<br>**GOVERNOR GREG ABBOTT**, in his §<br>official and individual capacities, and §<br>**ROD WELSH**, Executive Director of the §<br>Texas State Preservation Board, in his §<br>official and individual capacities, §<br>    Defendants. § | CASE NO. 1:16-CV-00233-SS |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Freedom From Religion Foundation, Inc. ("FFRF") requests that the Court award it attorneys' fees and nontaxable expenses pursuant to FED. R. CIV. P. 54(d)(2).

### I.    INTRODUCTION

1.    FFRF sued the Defendants, Governor Greg Abbott and Rod Welsh, the Executive Director of the Texas State Preservation Board pursuant to 42 U.S.C. § 1983 for violation of FFRF's free speech, equal protection, and due process rights, as well as its rights under the Establishment Clause, in connection with the Defendants' exclusion of FFRF's Bill of Rights exhibit from the Texas State Capitol exhibition area.

2.    On October 13, 2017, the Court granted summary judgment in FFRF's favor on the First Amendment freedom of speech claim against Governor Abbott and Executive Director Walsh in their official capacities (Dkt #74).  On May 14, 2018, the Court dismissed FFRF's Establishment Clause claim against Governor Abbott and Executive Director Welsh in their official capacities and well as Plaintiff's freedom of speech claim against Governor Abbot in his individual capacity (Dkt #86).   On June 19, 2018, the Court entered a final judgment in favor of

FFRF on its First Amendment freedom of speech claim, which included a declaration that Defendants violated FFRF's First Amendment rights and engaged in viewpoint discrimination as a matter of law when the FFRF's Bill of Rights exhibit was removed from the Texas Capitol building (Dkt #87).

## II.  ARGUMENT

3. The Court may award attorneys' fees to a prevailing party in a suit under the Civil Rights Act. 42 U.S.C. §1988. The prevailing party is the party that succeeds on any significant issue in the litigation and the success provides some benefit that had been sought by the party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is generally considered a prevailing party if it gains a material alteration in the legal relationship between the parties. *CRST Van Expedited, Inc. v. EEOC*, ___ U.S. ____, 136 S. Ct. 1642, 1651 (2016).

4. In this case FFRF should be awarded attorneys' fees under 42 U.S.C. §1988 as the prevailing party because (1) the Court granted summary judgment in FFRF's favor on the First Amendment freedom of speech claim against Governor Abbott and Executive Director Walsh in their official capacities (Dkt. #74, pp. 10-13),[1] (2) the Court granted judgment in favor of FFRF on its First Amendment freedom of speech claims, and (3) issued the declaratory judgment sought by FFRF that Defendants violated FFRF's First Amendment rights and engaged in viewpoint discrimination as a matter of law when FFRF's exhibit was removed from the Texas Capitol building (Dkt #87). *Sanchez v. City of Austin,* 774 F.3d 873, 879 (5th Cir. 2014) (obtaining declaratory judgment satisfies test for prevailing party status).

---

[1] "In conclusion, because the ostensibly mocking tone of the FFRF exhibit is Defendants' sole stated reason for removing the exhibit from the Ground Floor Rotunda, the Court finds the Defendants have engaged in viewpoint discrimination as a matter of law. The Court therefore GRANTS Plaintiff's Motion for Partial Summary Judgment and DENIES Defendants' Second Motion for Summary Judgment with respect to FFRF's freedom of speech claim."

5. "[P]laintiffs may receive fees under § 1983 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purpose . . . A court should compensate the plaintiff for the time his attorney reasonably spent on achieving the favorable outcome, even if the plaintiff failed to prevail on every contention." *Fox v. Vice*, 563 U.S. 826, 834 (2011) (citations and quotations omitted). "Although attorneys should not be reimbursed for their work on claims that bore no relation to the grant of relief, where the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or are based on related legal theories, it is not an abuse of discretion for the court to award the entire fee." *Restivo v. Hesseman*, 846 F.3d 547, 592 (2d. Cir. 2017) (citation and quotations omitted).

6. In this case, all of the Plaintiff's claims were inextricably intertwined in that they arose from the same facts (the censorship of FFRF's Bill of Rights exhibit) and were based on related legal theories (the Defendants' discrimination against FFRF's nontheistic viewpoint).

7. FFRF seeks $207,363.09 for fair and reasonable attorneys' fees and related nontaxable expenses, as established by the affidavits of Daniel Byrne, Richard Bolton, Sam Grover, and Patrick Elliot attached hereto as **Exhibit A**, **Exhibit B, Exhibit C** and **Exhibit D** and which are fully incorporated herein by reference.

### III.   CERTIFICATE OF CONFERENCE

8. Counsel for FFRF has conferred with counsel for Defendants who confirmed that Defendants are opposed to the relief requested by this motion.

### IV. PRAYER

FFRF is the prevailing party and is therefore entitled to recover its attorneys' fees under 42 U.S.C. § 1988. For these reasons, FFRF asks the Court to award attorneys' fees to it and grant FFRF such other and further relief to which it is justly entitled.

Respectfully submitted,

FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
221 West 6th Street, Suite 960
Austin, Texas 78701
Telephone: 512-476-2020
Telecopier: 512-477-5267

BY:   /s/ Daniel H. Byrne
      Daniel H. Byrne
      Texas State Bar No. 03565600
      Email: dbyrne@fbhg.law
      Lessie C. Gilstrap
      Texas State Bar No. 24012630
      Email: lgilstrap@fbhg.law

Richard L. Bolton
Wisconsin State Bar No. 1012552
Email: rbolton@boardmanclark.com
BOARDMAN AND CLARK, LLP
1 S. Pinckney St., Suite 410
Madison, Wisconsin 53703-4256
Telephone: 608-257-9521
Telecopier: 608-283-1709
Sam Grover
Wisconsin State Bar No. 1096047
Email: sgrover@ffrf.org
Patrick Elliott
Wisconsin State Bar No. 1074300
Email: pelliott@ffrf.org

        FREEDOM FROM RELIGION FOUNDATION, INC.
        P. O. Box 750
        Madison, Wisconsin 53701
        Telephone:  608-256-8900
        Telecopier:  608-204-0422

        ATTORNEYS FOR PLAINTIFF FREEDOM FROM RELIGION FOUNDATION, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system on this the 3rd day of July, 2018, which will send notification to the following:

Anna Marie Mackin
Austin R. Nimocks
Brantley Starr
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78701
Telephone:   (512) 475-4080
Telecopier:   (512) 320-0667
Email: Anna.mackin@texasattorneygeneral.gov
Email: Austin.nimocks@texasattorneygeneral.gov
Email: Brantley.starr@texasattorneygeneral.gov

        /s/ Daniel H. Byrne
        Daniel H. Byrne