```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                      AUSTIN DIVISION

 3   FREEDOM FROM RELIGION       ) Docket No. A 16-CA-233 SS
     FOUNDATION, INC.            )
 4                               )
     vs.                         ) Austin, Texas
 5                               )
     GOVERNOR GREG ABBOTT,       )
 6   CHAIRMAN OF THE STATE       )
     PRESERVATION BOARD, ET AL   ) April 6, 2018
 7
                   TRANSCRIPT OF STATUS CONFERENCE
 8                BEFORE THE HONORABLE SAM SPARKS

 9   APPEARANCES:

10   For the Plaintiff:       Mr. Rich Bolton
     (Telephonic)             Boardman and Clark
11                            1 South Pinckney Street, Suite 410
                              P.O. Box 927
12                            Madison, Wisconsin 53701

13

14   For the Defendant:       Ms. Anne Marie Mackin
     (Telephonic)             Office of the Attorney General
15                            P.O. Box 12548, Capitol Station
                              Austin, Texas 78711
16

17

18   Court Reporter:          Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
19                            Austin, Texas 78701
                              (512)391-8792
20

21

22

23

24

25   Proceedings reported by computerized stenography, transcript
     produced by computer.
```

| | | |
|---|---|---|
| 11:02:17 | 1 | MS. MACKIN: Good morning. |
| 11:02:17 | 2 | This is Anne Mackin on behalf of the defendants, and I |
| 11:02:20 | 3 | am joined by some folks from my office who I'm going to announce |
| 11:02:24 | 4 | but aren't going to be speaking. |
| 11:02:27 | 5 | THE CLERK: Okay. |
| 11:02:28 | 6 | MR. BOLTON: And Rich Bolton is on the line for the |
| 11:02:31 | 7 | plaintiff. |
| 11:02:32 | 8 | THE CLERK: Thank you. |
| 11:02:33 | 9 | MR. BOLTON: And Sam Grover, an attorney at FFRF, is |
| 11:02:36 | 10 | also on the line for the plaintiff. |
| 11:02:42 | 11 | THE COURT: Okay. It appears that there was some sort |
| 11:02:44 | 12 | of agreement to dismiss the interlocutory appeal regarding the |
| 11:02:52 | 13 | issue of whether there's a fact issue regarding the governor, and |
| 11:03:01 | 14 | then, I've got a pleading that the case is settled, but the |
| 11:03:03 | 15 | pleading itself clearly shows the case isn't settled. So I |
| 11:03:10 | 16 | thought we'd better get on the line and find out what is going |
| 11:03:14 | 17 | on. |
| 11:03:14 | 18 | I see where the case is set for trial in October, so |
| 11:03:21 | 19 | you still have some time, but tell me what's going on. It looks |
| 11:03:29 | 20 | like y'all are -- |
| 11:03:32 | 21 | MR. BOLTON: Judge, this the is Rich Bolton. |
| 11:03:36 | 22 | THE COURT: Yes. |
| 11:03:36 | 23 | MR. BOLTON: In the -- I don't recall the specific |
| 11:03:41 | 24 | date, but in your last decision, you reached a decision on the |
| 11:03:46 | 25 | official capacity viewpoint discrimination issue in favor of the |

```
11:03:52   1   plaintiff and left some other issues, including the personal
11:04:00   2   capacity issue, unresolved.  The defendants filed an appeal of
11:04:06   3   that issue on the personal capacity claim, and then,
11:04:12   4   subsequently, the parties by counsel got together and said, well,
11:04:18   5   if we've got a decision on the official capacity claim, if we
11:04:26   6   simply simplify things and dismiss the unresolved claim, then
11:04:33   7   we'd be in a position for your Honor to enter a final judgment on
11:04:38   8   both the agreed dismissed claims and on the claims that the Court
11:04:43   9   has already resolved, in which case, instead of having an
11:04:46  10   interlocutory appeal, there would be a final judgment that the
11:04:50  11   defendants could -- could immediately appeal to the Fifth
11:04:56  12   Circuit.
11:04:56  13           So that's kind of --
11:04:57  14           THE COURT:  Well, on the issue of viewpoint
11:04:59  15   discrimination?  Are y'all gone?  They are gone.
11:05:12  16           THE CLERK:  Let's try this again.  This is Judge
11:08:35  17   Sparks' chambers.  We were disconnected by accident.  Are you
11:08:38  18   guys there?
11:08:39  19           MR. MACKIN:  Yes, we're still here.
11:08:41  20           THE CLERK:  I apologize for that.
11:08:47  21           THE COURT:  Well, it's government equipment, so you
11:08:51  22   never know when you're going to get cut off.
11:08:55  23           Okay.  So it looks like you want to appeal as a final
11:09:01  24   judgment appealable the viewpoint discrimination portion.
11:09:07  25           MR. BOLTON:  Yes, your Honor.
```

| | | |
|---|---|---|
| 11:09:08 | 1 | THE COURT: And eliminate the personal issues regarding |
| 11:09:14 | 2 | the governor. |
| 11:09:17 | 3 | MR. BOLTON: Yes. |
| 11:09:18 | 4 | THE COURT: Okay. Well, that can be done, however, |
| 11:09:23 | 5 | that would be still involving the cost in attorneys' fees, which, |
| 11:09:32 | 6 | I guess, would result until after the circuit decided. |
| 11:09:38 | 7 | MR. BOLTON: My expectation -- my thought would be, at |
| 11:09:41 | 8 | least in the rules, is that I need to file that motion within 14 |
| 11:09:46 | 9 | days. |
| 11:09:46 | 10 | THE COURT: Right. |
| 11:09:47 | 11 | MR. BOLTON: After entry of the final judgment that |
| 11:09:49 | 12 | would be appealable. |
| 11:09:50 | 13 | THE COURT: That's correct. You'd have to do that. |
| 11:09:53 | 14 | Okay. |
| 11:09:54 | 15 | MR. BOLTON: Yeah. |
| 11:09:55 | 16 | THE COURT: But that doesn't mean that it gets decided |
| 11:09:58 | 17 | until the appeal is over. |
| 11:10:01 | 18 | MR. BOLTON: Okay. I understand. |
| 11:10:05 | 19 | THE COURT: If I get decided or if there's an agreement |
| 11:10:08 | 20 | to it, I can enter a judgment, and then, you can merge the two on |
| 11:10:11 | 21 | the appeal. But many times, they don't want that up yet until |
| 11:10:19 | 22 | there's a final judgment. |
| 11:10:22 | 23 | MR. BOLTON: So that I understand, we would still file |
| 11:10:27 | 24 | our motion within the 14 days, and then, the Court may continue |
| 11:10:34 | 25 | that motion until the appeal is resolved; is that correct? |

| | | |
|---|---|---|
| 11:10:39 | 1 | THE COURT: After the response of the defendant. In |
| 11:10:42 | 2 | other words, it would be ready for a decision and, frankly, if we |
| 11:10:48 | 3 | get to it -- but if you saw this office right now, you would see |
| 11:10:54 | 4 | that that's the least important item that we have, and I'm |
| 11:11:03 | 5 | talking about from now to September of 2020. |
| 11:11:08 | 6 | But I understand that's what you do. But y'all are |
| 11:11:11 | 7 | arguing about all stuff, for example, injunctive relief and -- so |
| 11:11:24 | 8 | you've got an agreement, but you lawyers can't get a judgment |
| 11:11:30 | 9 | that I could sign that you would agree to that would accomplish |
| 11:11:39 | 10 | your purpose. Is that what you're doing? |
| 11:11:42 | 11 | MR. BOLTON: Judge, on that particular issue, you know, |
| 11:11:45 | 12 | we filed the motion, and then, the state filed the objection in |
| 11:11:50 | 13 | terms of the scope of the injunction. Quite frankly, and |
| 11:11:55 | 14 | attorney Mackin can correct me if I'm wrong, my suspicion is that |
| 11:11:59 | 15 | she and I can probably work out some language that we can both |
| 11:12:03 | 16 | live with on the scope of that injunction. |
| 11:12:05 | 17 | Would you agree with that? |
| 11:12:06 | 18 | MR. MACKIN: Yes, your Honor. This is Anne Mackin. |
| 11:12:11 | 19 | My concern about agreeing to language, agreeing to an |
| 11:12:15 | 20 | order, even as to form, is because we intend to appeal the |
| 11:12:20 | 21 | finding as to liability, we can't represent on the record that in |
| 11:12:24 | 22 | any way sort of the judgment is agreed. So that would be my |
| 11:12:30 | 23 | concern about that. |
| 11:12:30 | 24 | THE COURT: Then I would say you do not have a |
| 11:12:33 | 25 | settlement, and I'll try this God-damn case, pardon the |

```
11:12:38   1   irritation, in September along with my regular docket, you know,
11:12:42   2   and I'm going to try all the issues.  Can't have your cake and
11:12:47   3   eat it, too.  You want to get the governor out, that's fine.  If
11:12:50   4   you want to appeal liability, you're going to have that right,
11:12:56   5   but I'm going to try it and make findings of fact and conclusions
11:13:02   6   of law as all pending issues.
11:13:07   7           The point is, y'all haven't gotten a settlement or a
11:13:12   8   partial settlement, and I'm not going to hang on to this case for
11:13:18   9   a long time.  It's waited a long time, y'all have waited a long
11:13:22  10   time, it's going to get concluded from my docket before the end
11:13:25  11   of September.
11:13:27  12           Now, I will work with you in any way, which way.  I
11:13:33  13   thought when you got an injunction, the only injunction I think
11:13:36  14   you're going to get, but I haven't seen any pleadings one way or
11:13:41  15   the other was, I thought it would be resolved by a stipulation
11:13:46  16   that the plaintiff could run their exact exhibit for two days in
11:13:54  17   December.  That seems, to me, would clear the air and you could
11:14:00  18   get rid of this case with the exception of, of course, attorneys'
11:14:04  19   fees and costs.
11:14:05  20           But if y'all can't clear the air, prepare for trial in
11:14:10  21   September.  Now, you got any questions, I'll be glad to answer
11:14:15  22   them.
11:14:17  23           MR. BOLTON:  This is attorney Bolton.  I don't have any
11:14:19  24   questions.
11:14:20  25           THE COURT:  Okay.  All right.  It's beyond my
```

|          |    |                                                                           |
|----------|----|---------------------------------------------------------------------------|
| 11:14:24 | 1  | imagination that confident lawyers can't create a judgment that           |
| 11:14:35 | 2  | can't be appealed.  I don't know what the Fifth Circuit's going           |
| 11:14:39 | 3  | to think about all of this, yes and no, one way or the other, but        |
| 11:14:47 | 4  | it appears to be y'all might think about that.  What are the             |
| 11:14:53 | 5  | damages here, attorneys' fees, costs, they're going to be there          |
| 11:14:58 | 6  | one way or the other.  And liability is going to be an issue for         |
| 11:15:06 | 7  | trial.  And the way the Court's thinking, I'm not going to issue         |
| 11:15:14 | 8  | an injunction on behalf of the plaintiff for some vague thing in         |
| 11:15:19 | 9  | the future.                                                               |
| 11:15:20 | 10 |             The only thing that's involved in this lawsuit is            |
| 11:15:23 | 11 | really a half a day for that exact exhibit to be placed there.           |
| 11:15:30 | 12 | But it was to be three days, and it seems to me that that might          |
| 11:15:35 | 13 | be a -- an appropriate resolve of the equitable relief.  But if          |
| 11:15:45 | 14 | y'all don't agree, that's fine.  It's my birthday in September,          |
| 11:15:51 | 15 | maybe I'll celebrate it by listening to this case.                       |
| 11:15:56 | 16 |             All right.  State have any other questions?                  |
| 11:16:00 | 17 |             MR. BOLTON:  Not here, your Honor.                           |
| 11:16:02 | 18 |             MR. MACKIN:  Your Honor, this is Anne Mackin.                |
| 11:16:04 | 19 |             Is there anything in the Court's view, since summary         |
| 11:16:08 | 20 | judgment has already been entered, on the official capacity, free        |
| 11:16:14 | 21 | speech clause claim and kind of the parties have an understanding        |
| 11:16:20 | 22 | to move forward kind of by releasing all the other claims, would         |
| 11:16:28 | 23 | there be any way that maybe if like the plaintiffs came up with          |
| 11:16:30 | 24 | an injunction that sounds like what the Court is contemplating           |
| 11:16:34 | 25 | would be appropriate in these facts that -- and it was submitted         |

```
11:16:37   1   that the Court would enter that injunction while kind of allowing
11:16:42   2   the defendants to, you know, reserve our right to appeal on the
11:16:50   3   liability finding?
11:16:53   4              THE COURT:  Well, if the plaintiff's lawyers are
11:16:57   5   stupid, you could get that.
11:17:02   6              MR. BOLTON:  I'll reserve on that, your Honor.
11:17:05   7              THE COURT:  Yeah.  You know, you're trying to get the
11:17:13   8   issue of the governor out.  Well, that's fine, but you still have
11:17:15   9   the main liability, and I'm not going to change my mind on any of
11:17:21  10   that until I hear the trial.  The trial basically is going to be
11:17:26  11   on something I've already determined.  So all that's extra other
11:17:33  12   than making a good record that you'll both be interested in in a
11:17:37  13   trial, the only other thing is the liability of the governor.
11:17:44  14   You know, that's it.
11:17:48  15              So it seems to me that y'all are all being silly.  It
11:17:52  16   seems to me that I'm telling you right now on equitable relief,
11:17:55  17   the whole thing is so silly that it makes me mad and it's been
11:17:59  18   pending a long time, but I don't know what the plaintiff's relief
11:18:04  19   other than winning the lawsuit and getting attorneys' fees and
11:18:07  20   costs, which were one of the primary reasons it was filed.
11:18:13  21              When they asked for this display, they never expected
11:18:17  22   it to be granted.  They expected the lawsuit to be on the failure
11:18:24  23   of granting the display for whatever days it was, but it was
11:18:33  24   granted; and then, for whatever reason that y'all both know what
11:18:38  25   the evidence is, because you've taken depositions, and that type
```

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

```
11:18:42   1   of thing, and I expect I'll learn a lot of it in trial.  But I
11:18:46   2   can't think of a general injunction other than saying, okay, the
11:18:55   3   display was to be for three days.  Come December, they get to
11:19:01   4   display it for three days.  Maybe I'm just simple-minded, but
11:19:07   5   that's all I think this lawsuit's about.
11:19:09   6             So y'all get together.  If y'all come to an agreement
11:19:14   7   that things can be done and I can get rid of the case, well,
11:19:17   8   that's one thing.  If not, there's no harm in trying a case in
11:19:22   9   September.  It's a great day to -- it's a great time to try a
11:19:25  10   case.  And believe me, I'd rather try this case than the other
11:19:30  11   cases set.
11:19:30  12             I've got cases set where the United States is suing all
11:19:34  13   the banks in the nation and cases where they're suing all of the
11:19:41  14   companies they've brokered and sold all of the mortgages.  Are
11:19:51  15   you still there?
11:19:53  16             MR. MACKIN:  Yes, your Honor, we're still here.
11:19:56  17             THE COURT:  And that's going to start in July.  I don't
11:19:59  18   know it will be through in September because they're talking
11:20:01  19   billions of dollars in those cases.  So that's the groundwork
11:20:09  20   that we're playing with.  Y'all have not settled anything, except
11:20:14  21   you've removed the case from the Fifth Circuit, and if I were
11:20:19  22   you, I wouldn't stick it back in there without a good reason, but
11:20:26  23   I'm not you.  Okay.  That's the Court's position.
11:20:35  24             So I will issue orders on these motions that are
11:20:37  25   pending along those lines without prejudice to y'all coming back
```

11:20:41   1   if you get a solution.  Hello.
           2            (End of proceedings.)
           3
           4
           5
           6
           7
           8
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

```
 1                        * * * * * *

 2

 3

 4   UNITED STATES DISTRICT COURT)

 5   WESTERN DISTRICT OF TEXAS    )

 6

 7       I, LILY I. REZNIK, Certified Realtime Reporter, Registered

 8   Merit Reporter, in my capacity as Official Court Reporter of the

 9   United States District Court, Western District of Texas, do

10   certify that the foregoing is a correct transcript from the

11   record of proceedings in the above-entitled matter.

12       I certify that the transcript fees and format comply with

13   those prescribed by the Court and Judicial Conference of the

14   United States.

15       WITNESS MY OFFICIAL HAND this the 9th day of April, 2018.

16

17

18                                    /s/Lily I. Reznik
                                      LILY I. REZNIK, CRR, RMR
19                                    Official Court Reporter
                                      United States District Court
20                                    Austin Division
                                      501 W. 5th Street, Suite 4153
21                                    Austin, Texas 78701
                                      (512)391-8792
22                                    Certification No. 4481
                                      Expires:  12-31-18
23

24

25
```