# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.<br>Plaintiff, | § § § § | |
| -vs- | § § | CASE NO. 1-16: CV-00233 |
| GOVERNOR GREG ABBOTT, in his official and individual capacities, and ROD WELSH, Executive Director of the Texas State Preservation Board, in his official capacity,<br>Defendants. | § § § § § § § | |

## DECLARATION OF RICHARD L. BOLTON

I, Richard L. Bolton, do hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following facts set forth below are true and correct to the best of my knowledge:

1. I am one of the attorneys representing the Freedom From Religion Foundation, Inc. in the above-captioned matter.

2. On April 3, 2020, the Fifth Circuit Court of Appeals issued a decision entitling FFRF to prospective relief.

3. The Clerk of the Court of Appeals, however, did not remand this matter to the district court until June 1, 2020.

4. On June 3, I emailed counsel for the Defendants, Anna Mackin, expressing interest to discuss moving forward on remand. (Ex. A at 3, beginning of email chain.)

5. Attorney Mackin responded on June 4, expressing similar interest but noting that her co-counsel would not be available to talk until the next week. (*Id.*)

6.      Further communications resulted about scheduling of a conference call, which call then occurred on June 10, 2020. (*Id.* at 1.)

7.      I proposed to Attorney Mackin and her co-counsel, Ben Walton, during our call, that the parties exchange proposed language for prospective relief, as mandated by the Court of Appeals.

8.      Attorney Mackin agreed that this proposal made sense, but requested that I go first with proposing possible language for prospective relief.

9.      Neither Attorney Mackin nor Attorney Walton during our telephone conference made any statement or other indication that the Preservation Board was already in the process of adopting a new rule allegedly intended to moot FFRF's First Amendment claim by making Capitol exhibits government speech instead of private speech. This was unknown by me.

10.     In any event, I forwarded on June 16 language to Attorney Mackin and Attorney Walton to consider regarding the prospective relief issue. I did not include the unbridled discretion issue at that time in order to see if the parties could reach agreement on one issue at a time. (Ex. B at 2.)

11.     As I did not hear anything back from Attorney Mackin or Attorney Walton, I inquired whether they had any thoughts about my proposed language on June 23, 2020. (Ex. B at 1.)

12.     I still did not get a response to my follow-up inquiry, so I wrote again to Attorney Mackin and Attorney Walton, on June 25, asking if it was the position of the Defendants that they could not agree to any form of prospective relief. (*Id.*)

13.     Finally, on June 25, 2020, at 12:29 p.m. in the afternoon, I received an email from Attorney Walton informing me that the Preservation Board was in the process of adopting a new

rule "that may moot the First Amendment claim by making the Capitol exhibits government speech instead of citizen speech. The proposed rule is publicly available, but a final rule has not yet been promulgated." (*Id.*)

14. I was surprised by Attorney Walton's communication, given that we had previously talked on June 10, with no such mention of proposed amendment to rules.

15. Upon investigation after receiving Attorney Walton's email, however, I learned that the State Preservation Board had a scheduled meeting the next day, on June 26, 2020 at 8:00 a.m., to consider proposed amendments relating to exhibitions in the Capitol, which proposed amendments were apparently published on May 22, 2020 in the Texas Register. (Ex. C at 2.)

16. I am not aware of any reason why Attorney Mackin and Attorney Walton did not tell me from the outset that the Defendants were proposing Preservation Board amendments to rules in an effort to moot the pending matter in light of the adverse Court of Appeals decision.

17. Given our conversation on June 10, for the purpose to discuss how to proceed going forward, however, I cannot plausibly infer that Attorney Mackin and Attorney Walton merely forgot about their ongoing attempt to moot the present matter; I do infer that they wanted to make their move with as little attention as possible.

18. I subsequently obtained the published notice of the proposed rule changes in the Texas Register, which states that the purpose of the rule change is to address "confusion about what types of displays were contemplated by the [exhibit] program, who is ultimately responsible for the content of those displays, and how those displays are connected to the State or state officials." (Ex. D at 1.)

19. Because the Preservation Board previously disclaimed responsibility for exhibitions in the State Capitol Building, the reference in the Texas Register to "confusion" seems disingenuous and inaccurate.

20. I note that in assessing the financial impact of the proposed rule changes, the Preservation Board stated that the amendments will not result in an increase or decrease in the number of agency employees or require an increase or decrease in future legislative appropriations to the agency. (*Id.* at 2.)

21. The lack of any fiscal impact suggests that the proposed amendments to rules will not result in any increase in time spent reviewing applications to display exhibits in the public areas of the State Capitol building.

Dated this 22nd day of July, 2020.

                                                          _____
                                                          Richard L. Bolton

F:\DOCS\WD\26318\34\A3832993.DOCX