**TITLE 13. CULTURAL RESOURCES**

**PART 7. STATE PRESERVATION BOARD**

**CHAPTER 111. RULES AND REGULATIONS OF THE BOARD**

**13 TAC §111.13**

EXHIBIT D

The State Preservation Board (Board) proposes amendments to 13 TAC §111.13, Exhibitions in the Capitol and Capitol Extension.

BACKGROUND AND SECTION-BY-SECTION ANALYSIS

For a number of years, the Board has overseen a program by which private individuals could "for a nominal fee and with an appropriate sponsor" exhibit displays in designated areas of the Capitol and Capitol Extension. By and large, this program has successfully allowed elected representatives to sponsor visual displays created by Texans for the education and edification of other Texans. There has, however, been occasional confusion about what types of displays were contemplated by the program, who is ultimately responsible for the content of those displays, and how those displays are connected to the State or state officials. While episodic, the Board has determined it best to address that confusion.

The amendments to §111.13 are designed to clarify that all future exhibits in the Capitol will be adopted and identified as government speech, including identifying its sponsor. The amendments change the heading's use of the term "exhibition" to "exhibit" to reflect the word usage throughout the amended rule; other similar typographical changes are made for consistent usage. They are not intended to be substantive changes unless described herein. The definition of public purpose (§111.13(a)(3)) clarifies what types of exhibits will be considered for adoption as government speech and expressly excludes exhibits that are sensationalistic, gruesome, obscene, or depictions of political controversy. The definition of State Official Sponsor (§111.13(a)(4)) clarifies that a qualified elected official may sponsor an exhibit proposed by his or her constituents, but that he or she is responsible for ensuring that the exhibit complies with all applicable rules. §111.13(b) is added to explicitly adopt the exhibit as government speech and to require that any exhibit in the Capitol be accompanied by a sign identifying the State Official Sponsor and indicating the Board's approval. Because any exhibit will become government speech for the duration of its display, the current fee to obtain access to space within the Capitol is removed from what is now §111.13(c). However, individuals proposing an exhibit retain ownership of that exhibit and are responsible for costs of assembling, displaying, and removing the exhibit as well as (if necessary) providing additional security for a valuable exhibit. The criteria for consideration (§111.13(d)) are amended to make explicit that because all displays constitute the government's speech, the Board retains discretion to reject any exhibit as inappropriate for government speech. To be considered, all content of the exhibit (including any text) must be clearly disclosed to the Board, and the Sponsor must make a written statement that he or she has reviewed that content and concluded that it is consistent with the rules and proper for adoption as government speech. Consistent with the exhibit's adoption as government speech, the Board retains discretion to make any changes it deems appropriate to the exhibit. Finally, the amendments clarify that the scheduling and duration of the display of an exhibit (§111.13(e)) is at the discretion of the Board.

FISCAL NOTE ON STATE AND LOCAL GOVERNMENTS. Rod Welsh, Executive Director for the Board, has determined that for the first five-year period the proposed amendments are in effect, there are only minor implications relating to cost or revenues of the state, and none for local governments, under Texas Government Code §2001.024(a)(4), as a result of enforcing or administering these amendments as proposed. The state has received nominal amounts of fees during the time the Board has had this rule in place. As a result, the elimination of the fee will have a minor impact.

PUBLIC BENEFIT/COST NOTE. Mr. Welsh has determined, under Texas Government Code §2001.024(a)(5) that that for the first five-year period the rule amendments are in effect, the public benefit will be the elimination of any confusion regarding the person or persons responsible for any exhibits placed in the Capitol. Costs to the public will not be significantly changed by this amendment. At present, individuals who wish to place an exhibit

in the Capitol must locate an eligible sponsor; pay a nominal fee to obtain access to the space; and bear all costs associated with creating, displaying, securing, and removing the exhibit. The only change is to remove the nominal fee. He further has determined there will be no probable economic cost to persons required to comply with the rule amendments because the rule amendment does not add fees or costs.

IMPACT ON LOCAL EMPLOYMENT OR ECONOMY. There is no effect on local economy for the first five years that the proposed amendments are in effect because this rule concerns the temporary display of exhibits in the Capitol, which is state property, and, therefore, it will have no impact on local economy. Therefore, no economic impact statement, local employment impact statement, nor regulatory flexibility analysis is required under Texas Government Code §§2001.022 or 2001.024(a)(6).

COST TO REGULATED PERSONS (COST-IN/COST-OUT). This rule proposal is not subject to Texas Government Code §2001.0045, concerning increasing costs to regulated persons, because, as described above in the public benefit and cost note, the proposed amendments do not impose a cost on regulated persons under Texas Government Code §2001.024, including another state agency, a special district, or a local government.

ECONOMIC IMPACT STATEMENT AND REGULATORY FLEXIBILITY ANALYSIS FOR SMALL BUSINESSES, MICROBUSINESSES, AND RURAL COMMUNITIES. Mr. Welsh has also determined that there will be no impact on rural communities, small businesses, or micro-businesses as a result of implementing these amendments and, therefore, no regulatory flexibility analysis, as specified in Texas Government Code §2006.002 is required because the rule concerns only activities that occur in the Capitol and Capitol Extension.

GOVERNMENT GROWTH IMPACT STATEMENT. In compliance with Texas Government Code §2001.0221, the Board has prepared the following government growth impact statement. During the first five years the proposed rule is in effect, this proposed amendments: (1) will not create or eliminate a government program; (2) will not result in an increase or decrease in the number of agency employees; (3) will not require an increase or decrease in future legislative appropriations to the agency; (4) will not lead to an increase in fees paid to a state agency and will lead to only a minor decrease in fees paid to the Board because the fees to display exhibits in the Capitol were always nominal and have been limited in recent years by renovations in the Capitol that have limited space available for exhibitions; (5) will not create a new regulation; (6) will not repeal an existing regulation; and (7) will not result in an increase or decrease in the number of individuals subject to the rule; and (8) will not positively or adversely affect the state's economy because the amount of fees the Board received under the current program has always been minor and used to defray any cost with processing applications for the program rather than promote external economic activity.

TAKINGS IMPACT ASSESSMENT: The Board has determined that no private real property interests are affected by this proposal and the proposal does not restrict or limit an owner's right to his or her property that would otherwise exist in the absence of government action and, therefore, does not constitute a taking under Texas Government Code §2007.043.

ENVIRONMENTAL RULE ANALYSIS. The proposed rule is not a "major environmental rule" as defined by Texas Government Code §2001.0225. The proposed rule is not specifically intended to protect the environment or to reduce risks to human health from environmental exposure. Therefore, a regulatory environmental analysis is not required.

REQUEST FOR PUBLIC COMMENT. Any comments or request for a public hearing may be submitted no later than 30 days after the publication of this notice to Rod Welsh, Executive Director, State Preservation Board, P.O. Box 13286, Austin, Texas, faxed to his attention at (512) 463-3372 or sent by email to Roderick.Welsh@tspb.texas.gov.

Emails should contain the words "Comment to Rule" in the subject heading.

STATUTORY AUTHORITY AND SECTIONS AFFECTED. The amendments are proposed pursuant to Texas Government Code §443.007, which authorizes the Board to adopt rules concerning the buildings, their contents, and their grounds; and Texas Government Code §443.018, which authorizes the Board to adopt rules that