UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FREEDOM FROM RELIGION** | § | |
| **FOUNDATION, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **-vs-** | § | **CASE NO. 1-16: CV-00233** |
| | § | |
| **GOVERNOR GREG ABBOTT** | § | |
| **and** | § | |
| **ROD WELSH, Executive Director of the** | § | |
| **Texas State Preservation Board, in their** | § | |
| **official capacities,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S CORRECTED BRIEF IN OPPOSITION TO MOTION TO STAY

### I.   INTRODUCTION

The Plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), opposes the motion by the Defendants to essentially stay consideration of FFRF's motion for prevailing-party fees pending the Defendants' second appeal to the Fifth Circuit Court of Appeals.  This case has already been pending for more than five years.  Since October 13, 2017, in fact, the Defendants have been adjudged to have violated FFRF's First Amendment rights.   The Defendants since then have not challenged the finding of liability, including in their first appeal to the Fifth Circuit where they argued only jurisdictional issues.  The Court of Appeals remanded to the district court to enter prospective declaratory relief.   After the Court of Appeals rendered its decision on April 3, 2020, the Defendants attempted to moot the case in June of 2020, which this court deemed ineffective.  The Defendants subsequently have now appealed this court's decision on remand, presumably as to the issue of mootness, where liability again remains conclusively determined. In the meantime, the Defendants seek to postpone consideration of FFRF's fee request until after

the Fifth Circuit decides their second appeal, a decision anticipated more than another year in the future.   If the Court of Appeals affirms, this court only then would take up the issue of fees per the Defendants' motion to stay.   One can anticipate the fees decision also being appealed with a decision by the Court of Appeals sometime in 2024.   This timeline is extraordinarily unfair to FFRF.

The court should address FFRF's motion for fees at this time.   The motion is not premature, and if appealed, can be expected to be decided sometime in 2022.   In the circumstances, moreover, where liability has been determined and undisputed for more than three years, FFRF is entitled to fees *pendente lite*, in any event.   Determination of FFRF's fees motion also is not premature at this time, even if *arguendo* the Court of Appeals were to find mootness.   FFRF is already a prevailing party by virtue of the Court of Appeals decision remanding to this court with instructions to enter prospective relief.

Courts are particularly wary of attempts by parties to manufacture mootness to evade review.   Even more compelling in the present case, however, the Court of Appeals has already ruled against the Defendants, so their mootness argument only comes after a final and conclusive adjudication of liability with instructions to enter prospective relief.   An immediate award of fees in this case, therefore, is particularly appropriate because the Defendants' litigation strategies have caused FFRF to incur substantial attorneys' fees as to which the Defendants should not be able to wiggle out after losing in the Court of Appeals.

## II.   THE DISTRICT COURT UNDISPUTEDLY HAS JURISDICTION TO CONSIDER FFRF'S MOTION FOR FEES DESPITE THE DEFENDANTS' PENDING APPEAL.

The district court retains jurisdiction to consider FFRF's motion for attorney fees during the pendency of the Defendants' appeal.   The advisory committee on the Federal Rules of Civil Procedure instructs that if an appeal on the merits of the case is taken, the court may rule on the

claim for fees, or may defer until after the appeal has been resolved. Fed. R. Civ. Proc. 54 Advisory Committees' Note to 1993 Amendment. Thus, this court retains jurisdiction to resolve motions for attorneys' fees while a judgment on the merits is pending on appeal. *Procter & Gamble Company v. Amway Corp.*, 280 F. 3d 519, 524-25 (5ᵗʰ Cir. 2002). *See also* Thomas v. Capital SEC. Serv., Inc.*, 812 F. 2d 984, 987 (5ᵗʰ Cir. 1987).

In fact, the Supreme Court recognizes that Congress contemplated the award of fees *pendente lite* in some cases. *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). According to the Court, the intent of Congress clearly was to permit an interlocutory award to a party who has established its entitlement to some relief on the merits, either in the trial court or on appeal. *Id.* "The entry of any order that determines substantial rights of the parties may be an appropriate occasion upon which to consider the propriety of an award of counsel fees." *Bradley v. Richmond School Board*, 416 U.S. 696, 723, N. 28 (1974). Thus, Congress intended to permit the interim award of counsel fees when a party has prevailed on the merits on at least some of its claims. *Id.* at 758.

In the present case, FFRF undeniably and conclusively prevailed on its First Amendment claim by virtue of the Court of Appeals decision of April 3, 2020. The Court of Appeals decision, moreover, unambiguously declared that FFRF was entitled to prospective relief upon remand. The Court remanded the district court "to enter appropriate *prospective* relief for FFRF." *Freedom From Religion Foundation, Inc. v. Abbott*, 955 F. 3d 417, 421 (5ᵗʰ Cir. 2020). "On its face," therefore, the Court's ruling entitled FFRF to relief on the merits. *Walker v. City of Mesquite, Texas*, 313 F. 3d 246, 250 (5ᵗʰ Cir. 2002).

The Fifth Circuit's decision in this case did not simply remand for a determination of liability. The Court's decision directed the district court to enter prospective relief in favor of

FFRF.   The Court's mandate, corollary of the law-of-the-case doctrine, required the district court to effect the Court of Appeal's mandate.   *Gen. Universal Systems, Inc. v. HAL, Inc.*, 500 F. 3d, 444, 453 (5th Cir. 2004).   A district court on remand does not reexamine an issue of fact or law that has already been decided on appeal.   *United States v. Teel*, 691 F. 3d, 578, 582 (5th Cir. 2012).   The mandate rule also forecloses litigation of issues expressly or impliedly decided by the Appellate Court, as well as issues decided by the district court, but foregone on appeal.   *United States v. Lee*, 358 F. 3d 315, 321 (5th Cir. 2004).

FFRF's entitlement to fees in this case, therefore, is not contingent on whether the Court of Appeals decides that the Defendants effectively mooted this case after the Court rendered its first decision in this case on April 3, 2020.   A determination of mootness neither precludes nor is precluded by an award of attorneys' fees.   *Doe v. Marshall*, 622 F. 2d 118, 120 (5th Cir. 1980).   The attorneys' fees question turns instead on a wholly independent consideration: whether plaintiff is a "prevailing party."   *Id.*, citing *Johnson v. Mississippi*, 606 F. 2d 635, (5th Cir. 1979).   Under this standard "the lawsuit need not proceed to completion."   *Marshall*, 622 F. 2d at 120.   In short, FFRF's Motion for Fees is not premature despite the pendency of the Defendants' appeal of this Court's rejection of their mootness stratagem.

## III.   FFRF IS A PREVAILING PARTY AS A RESULT OF THE PRIOR COURT OF APPEALS DECISION.

This court's Memorandum And Order After Remand undeniably renders FFRF a prevailing party entitled to attorney's fees under 42 U.S.C. § 1988.   The court granted prospective declaratory relief, as mandated by the Fifth Circuit.   The court further entered a prospective injunction in favor of FFRF.   The Defendants, however, move for a stay of the fees issue, arguing that the Fifth Circuit may subsequently hold that this court's order was rendered after the

Defendants had mooted the case.  The Defendants' argument is unpersuasive, in part, because FFRF was already a prevailing party as a result of the Fifth Circuit's decision.

In *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008), the Court of Appeals addressed whether a plaintiff qualifies as a prevailing party under § 1988 when he obtains a preliminary injunction that includes an unambiguous indication of probable success on the merits of his claim, but the defendant subsequently moots the case in direct response to the court's preliminary injunction order.   The Court of Appeals rejected the City of Garland's argument that a defendant should be allowed to moot an action to avoid the payment of the plaintiff's attorneys' fees when a district court grants a preliminary injunction based upon an unambiguous indication of probable success on the merits.   The Court concluded that a merits-based ruling "coupled with the City's subsequent mooting of the case, is sufficient to establish prevailing party status."  *Id.* at 524.   The Court also noted that the City "voluntarily changed its position" only after the district court's decision, rather than before the court granted the preliminary injunction, indicating "an obvious direct causal link between the district court's issuance of the City's subsequent amendment of the Ordinance to moot the case."  *Id.* at 525.

The recent decision in *Amawi v. Pflugerville Independent School District*, 2021 W.L.1226569 (W.D. Tex., Mar. 31, 2011), also includes persuasive discussion of the prevailing party issue.   In that case, the defendants also argued that they effectively mooted a case before final judgement was entered, but after preliminary relief had been determined.   The court rejected the defendants' argument that an ultimate final judgment was necessary in order to be a prevailing party, holding such a proposition to be "wholly unsupported by the law."  *Id.* at *3.   In that case, moreover, the parties agreed that the court's preliminary injunction constituted a merits-based decision, but the defendants argued that their actions to moot the case were not caused by the

court's preliminary injunction.   On this issue, the court rejected the Defendants' argument that a subjective inquiry should be undertaken.   "This court instead will look to the operative facts for the timeline:   The lawsuit was filed, Plaintiffs won a preliminary injunction, defendants passed the Amendment."   *Id.* at *5.   In support of its position, the court in *Amawi* noted that "courts in the Fifth Circuit have held that a defendant's action after a preliminary injunction, like the one taken here, satisfies the causal element."   *Id.*

The preliminary injunction cases are instructive because they involve cases in which the defendants purportedly mooted a case in response to a merits-based decision but before a final judgment could be entered.   The present case is even more compelling:   The district court held on the merits that the Defendants violated FFRF's First Amendment rights,   which the Court of Appeals upheld and remanded with directions to enter prospective relief in FFRF's favor.   The judicial imprimatur, therefore, is unmistakable.   The Seventh Circuit Court of Appeals similarly recognized this in *National Rifle Association of America, Inc. v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011).   In that case, the Court noted that entry of final judgment on the merits is the hallmark instance of judicial imprimatur while noting, nonetheless, that "a favorable decision on the merits at the Supreme Court carries the necessary judicial imprimatur for the prevailing party to collect attorneys' fees, notwithstanding mootness on remand.   If a favorable decision of the Supreme Court does not count as the necessary judicial imprimatur on the plaintiffs' position what would?"   So too the Fifth Circuit's decision in the present case.

The Fifth Circuit's decision also changed the legal relationship between the parties.   The Court determined that FFRF was entitled to prospective relief.   The Court did not remand to reconsider uncertain liability on the First Amendment issue; instead, the Court determined that a live controversy existed as to which FFRF was entitled to appropriate prospective relief.

The Fifth Circuit's decision, moreover, patently caused the Defendants' attempt to moot this case, as is apparent from the operative timeline.   The Defendants did not take "voluntary action" immediately after this lawsuit was filed in 2016.   The Defendants did not take "voluntary action" after the District Court denied their motion to dismiss.   The Defendants did not take action after the court denied their first summary judgment motion.   The Defendants did not take action after the District Court granted FFRF's summary judgment motion on First Amendment liability. The Defendants did not take action prior to briefing in the Fifth Circuit.   The Defendants did not take any action after oral argument in the Fifth Circuit.    The Defendants did not take any action between the time of oral argument in October of 2019 and the date of the Court of Appeal's decision on April 3, 2020.   Instead, the Defendants only took supposed "voluntary action" to moot this case immediately after the Court of Appeal's decision mandating prospective relief in favor of FFRF.   The causal relationship cannot be objectively or plausibly disputed.

The Defendants' motion to stay consideration of FFRF's fees request, therefore, is not supported by any argument of prematurity.   Regardless of the outcome of their pending appeal, FFRF is already a prevailing party.   In light of the Fifth Circuit's prior decision in this case, FFRF is not merely a "catalyst" victor.   The lawsuit did not affect the Defendants' actions.   The ruling of the Fifth Circuit did.   The relationship between the parties was dispositively altered, which the Defendants cannot change by manufactured mootness.

## IV.  CONCLUSION.

For the above reasons, the Defendants' motion to stay consideration of FFRF's prevailing party fee request should be denied.

Dated this 17th day of June, 2021.

Respectfully submitted,

BOARDMAN AND CLARK, LLP
1 S. Pinckney St., Suite 410
Madison, Wisconsin   53703-4256
Telephone:  608-257-9521

*/s/ Richard L. Bolton*
Richard L. Bolton
Wisconsin State Bar No. 1012552
Email:  rbolton@boardmanclark.com

Daniel H. Byrne
Texas State Bar No. 03565600
Email:  dbyrne@fbhf.com
Lessie G. Fitzpatrick
Texas State Bar No. 24012630
Email:  lfitzpatrick@fbhf.com
FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC
221 West 6th Street, Suite 960
Austin, Texas   78701
Telephone:    (512) 476-2020
Facsimile:    (512) 477-5267

Sam Grover
Wisconsin State Bar No. 1096047
Email:  sgrover@ffrf.org
Patrick Elliott
Wisconsin State Bar No. 1074300
Email:  pelliott@ffrf.org
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin   53701
Telephone:  608-256-8900
Telecopier:  608-204-0422
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system on this the 16th day of June, 2021, which will send notification to the following:

Benjamin S. Walton
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711
Telephone:   (512) 463-2120
Telecopier:   (512) 320-0667
Email: Benjamin.Walton@oag.texas.gov

*/s/ Richard L. Bolton*
Richard L. Bolton