UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC.<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| -vs- | §<br>§ | CASE NO. 1-16: CV-00233 |
| GOVERNOR GREG ABBOTT<br>and<br>ROD WELSH, Executive Director of the<br>Texas State Preservation Board, in their<br>official capacities<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## DECLARATION OF ATTORNEY SAMUEL T. GROVER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

I, Samuel T. Grover, do hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct and based on my personal knowledge:

1.　　　I am Associate Counsel for the Plaintiff, Freedom From Religion Foundation, Inc. ("FFRF") and an attorney of record for the Plaintiff in this matter.

2.　　　The vast majority of my professional expertise, experience as an attorney, and work product has involved violations of the First Amendment to the U.S. Constitution, including Establishment Clause, free exercise, and free speech issues.

3.　　　I graduated from Boston University School of Law in May, 2012. During my time at Boston University I was an Articles Editor for the *American Journal of Law and Medicine* and authored a note published in that journal analyzing the constitutional implications of religious exemptions to the health insurance mandate in the Patient Protection and Affordable Care Act.

4.　　　I was admitted to the State Bar of Massachusetts in November, 2012 (now in retired status) and have been an active member of the State Bar of Wisconsin since April 10, 2014. I am



admitted to practice in the Western District of Wisconsin (December 12, 2014), the Western District of Texas (March 7, 2016), the Fifth Circuit Court of Appeals (October 7, 2016), the Seventh Circuit Courts of Appeals (September 1, 2017), and the Southern District of Texas (February 11, 2019). I have, at all times, been a member in good standing in each bar and court to which I have been admitted.

5.      I have been employed by the Freedom From Religion Foundation since October, 2013, during which time my duties have primarily involved addressing violations of the First Amendment. I am currently employed as Associate Counsel in FFRF's Litigation Department, where I am primarily responsible for managing active cases, supervising *amicus curiae* brief submissions in First Amendment cases, and evaluating potential lawsuits. I previously worked as a legal intern for FFRF in the summer of 2010, during which time I drafted letters of complaint and educational letters to government entities regarding the constitutional separation of religion and government.

6.      In my capacity as an attorney for FFRF I have litigated First Amendment cases in federal district courts across the country, including Arkansas, Georgia, Indiana, Wisconsin, the District of Columbia, and Texas, including two cases in the Western District of Texas, and two before the Fifth Circuit Court of Appeals. In total I have been FFRF's lead in-house attorney on eight cases, including this matter, as well as:

- *FFRF v. Judge Wayne Mack*, No. 4:19-cv-1934 (S.D. Tex. Mar. 25, 2021) (entering declaration that justice of the peace's courtroom prayer practice violates the Establishment Clause of the First Amendment, with cross-motions for summary judgment pending);
- *FFRF v. Judge Wayne Mack*, No. 4:17-881, 2018 WL 6981153 (S.D. Tex. Sept. 27, 2018) (dismissing a challenge to a justice of the peace's practice of opening each court session with clergy-led prayer for lack of redressability as to the defendant County);
- *FFRF v. Concord Cmty. Schs.*, 240 F. Supp. 3d 914 (N.D. Ind. 2017), *aff'd*, 885 F.3d 1038 (7th Cir. Mar. 21, 2018) (ruling that a school's 45-year practice of

including a live nativity scene with bible recitation at each winter concert violated the Establishment Clause and approving of new practice);

- *FFRF v. Brewster Cty.*, No. 4:16-cv-14 (W.D. Tex. June 13, 2016) (issuing consent decree and order to remove cross decals from county law enforcement vehicles and concurrently dismissing Establishment Clause challenge);
- *FFRF v. Franklin Cty.*, No. 1:15-cv-484 (S.D. Ind. Dec. 17, 2015) (granting stipulation of dismissal to First Amendment challenge to county's policy prohibiting nonresidents from participating in county's display forum after county revised its policy to allow plaintiffs' displays);
- *FFRF v. Emanuel Cty. Sch. Sys.*, No. 6:15-cv-13 (S.D. Ga. Oct. 8, 2015) (granting stipulation of dismissal to First Amendment challenge to school employee conduct promoting prayer and other religious activities after settlement agreement);
- *FFRF v. Franklin Cty.*, 133 F. Supp. 3d 1154 (S.D. Ind. 2015) (dismissing Establishment Clause challenge to county's practice of displaying nativity scene on courthouse lawn each December after plaintiffs' voluntary withdrawal of request for injunctive relief, given county's new ordinance to allow additional displays).

7.      I have coordinated, advised, and provided research and drafting support on numerous additional First Amendment cases on behalf of FFRF, most notably:

- *Humanistas Seculares de Puerto Rico, Inc. v. Hernandez-Perez et. al.*, 20-cv-01111-GAG (D.P.R. Mar. 17, 2020) (dismissed pursuant to mediated settlement agreement which ended alleged monthly, teacher-initiated public school assembly prayers);
- *Cave v. Thurston*, 4:18-cv-00342 (E.D. Ark. May 23, 2018) (ongoing challenge to installation of Ten Commandments monument on Arkansas's State Capitol grounds);
- *FFRF v. Trump*, No. 3:17-cv-330 (W.D. Wis. Dec. 14, 2017) (accepting voluntary dismissal of Establishment Clause, equal protection, and Take Care Clause challenge to President Trump's May 4, 2017 Executive Order on IRS enforcement of the Johnson Amendment, after Justice Department stated the EO had no effect);
- *Barker v. Conroy*, No. 1:16-cv-850 (D.D.C. Oct. 11, 2017), *affirmed*, No. 17-5278 (D.C. Cir. Apr. 19, 2019) (dismissing for lack of redressability Establishment Clause, equal protection, Religious Freedom Restoration Act, and Religious Test Clause claims against the chaplain for the House of Representatives for refusing to allow an atheist to deliver the House's opening prayer as a guest chaplain);
- *FFRF v. Office of Comm'r of Ins.*, No. 14-3429 (Dane Cty. Cir. Ct. Nov. 24, 2015) (awarding attorney fees and statutory damages to plaintiffs after challenge brought under state open records law);
- *FFRF v. Lew*, 773 F.3d 815 (7th Cir. 2014) (vacating for lack of standing Establishment Clause and equal protection challenge to federal income tax housing allowance exemption for "ministers of the gospel").

8.      In addition to litigation, I have also co-authored *amicus curiae* briefs to the U.S. Supreme Court, Fifth Circuit Court of Appeals and Ninth Circuit Court of Appeals, as well as consulted on *amicus* briefs to the U.S. Supreme Court, Ninth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Colorado Court of Appeals, and Wisconsin's Dane County Circuit Court. All of these briefs concerned Establishment Clause and other First Amendment issues.

9.      I have presented five continuing legal education (CLE) programs on First Amendment religion clause issues. In December 2022, January 2023, and March 2023 I presented a CLE surveying recent Establishment Clause decisions from the Supreme Court to the Dane County Bar Association, Legal Association for Women, and James E. Doyle American Inns of Court, respectively. In May, 2018 I presented on the radical redefinition of "religious freedom" at a Dallas Bar Association event. I also participated in a program entitled "Chipping Away the Wall of Separation – A Survey of Recent Supreme Court Cases Regarding the Establishment Clause" at a Legal Association for Women event in Madison, Wisconsin in August, 2014.

10.      I have also given approximately one dozen educational lectures to non-attorney audiences on First Amendment issues around the country.

**Time Spent and Billing Discretion Exercised**

11.      An itemization of the hours I have worked on this case and the work performed is attached to this declaration as Exhibit A. These hours are based on the contemporaneous records that I maintained during the course of the case, and are a true and accurate reflection of professional services actually expended by me, on the topics stated, in service to the Plaintiff in this litigation. The cumulative total of the billable hours I have worked on this case, after the exclusions and reductions noted below, is 469 hours and 10 minutes.

12.     This cumulative total excludes time I spent coordinating or applying for FFRF's 2015 and planned 2016 displays; regular communications with my client (FFRF); most communications with my support staff and law clerks, except when extensive legal analysis was involved; tasks typically performed by a legal assistant, such as creating tables of authorities and tables of contents, or filing documents using the court's CM/ECF filing system; communicating with the media about this case; and recording my hours in the time log. The Plaintiff is not seeking compensation for those excluded activities, or for any other activity where "excluded" has been listed under the column meant for recording the hours worked.

13.     All my time spent litigating this case was tracked by logging the time upon starting and ending a task, and then rounding that time to the nearest 5-minute increment (times exceeding a time increment by less than 2 minutes 30 seconds were rounded down, while times exceeding a time increment by more than 2 minutes 30 seconds were rounded up). This time-tracking method is exceedingly generous to the client, resulting in significantly lower logged time overall. First, it is a common billing practice to round *up* when a time entry exceeds an increment by *any* amount. By deviating from this common billing practice, I logged 5 minutes less time on approximately half of my time entries, and additionally, did not log any time entry on many tasks that took less than 2 minutes 30 seconds. I estimate that by using this method to round time entries I therefore have logged approximately 13 hours *less* time on this case.

14.     All entries performing one task during the same day have been consolidated as one entry, even when the time spent performing the task was interrupted with breaks. The breaks are not included in the logged time.

15.     I have exercised reasonable billing judgment in determining the amount of attorneys' fees that the Plaintiff is requesting for my services to ensure that the time for which

the Plaintiff is seeking compensation is reasonable in light of the tasks I was required to perform. The subject matter of this litigation was not particularly novel for attorneys with experience in First Amendment law. However, this case was made considerably more complex due to the multiple novel defenses raised. In particular, the issues presented during the multiple appeals were both technical and atypical. Additionally, First Amendment lawsuits are notoriously fact-specific, such that every case is in some sense novel. It took considerable skill to appropriately apply the facts of the case to the relevant legal standards, while addressing the multiple defenses raised.

16.     As part of my exercised billing discretion, the hours worked on specific tasks have been further reduced by 50% of the total logged time, as noted, with the original logged time appearing in the entry's description, followed by the word "REDUCED." I made these discretionary reductions to account for instances where my total time spent on a task may have been duplicative of the time spent by other attorneys on the case; where I believe that my personal time on a task could have been spent more efficiently to achieve the same result; or when an entry included travel time. In total I discounted approximately 60 hours of attorney time in this manner.

17.     All the hours for which I am seeking recovery are inextricably intertwined with the Plaintiff's free speech claims.

18.     It is also noteworthy that my employer, FFRF, is a small nonprofit organization. FFRF is necessarily limited by staffing constraints and budgetary considerations when making decisions regarding taking new cases. My protracted involvement in this case necessarily factored into FFRF's calculations regarding whether it was able to take on other legal work.

**Hourly Rate**

19.     Due to my experience and expertise in First Amendment law, and Establishment Clause and free speech law specifically, plus my understanding of the hourly rates typically charged by attorneys with similar experience and expertise in the Austin area, I believe that $400 per hour is a reasonable hourly rate for my work in this case, which encompassed both district court and appellate-level work.

20.     In reaching this conclusion, I relied on cases from within the Western District of Texas that have ruled on the reasonable hourly rate for attorneys working in the Austin area. This includes the fee decision by this Court in *MidCap Media Finance, LLC v. MidCap Media Finance, LLC*, No. 1:15-cv-00060, 2021 WL 4267719 (W.D. Tex. Sept. 20, 2021) (finding hourly rates of $530 and $495 "fall within the range reported for associates of similar skill, experience, and reputation in the Austin area"). This case was noteworthy due to the attorneys involved having comparable years of litigation experience to my own: Robertson ($495/hour) graduated law school in 2014 and Oliver ($530/hour) graduated law school in 2016. I also reviewed *Whole Woman's Health v. Hellerstedt*, No. 1:14-cv-284 (W.D. Tex. Aug. 9, 2019) (holding that $400 was a reasonable hourly rate for attorneys working in the Austin area and was consistent with the *Johnson* factors) and *Pierre v. Vasquez*, No. 1:20-cv-00224, 2022 WL 17822465 (W.D. Tex. Dec. 19, 2022) (determining that an uncontested rate of $375 was reasonable in a civil rights action).

21.     In recognition that some Texas courts have relied, in part, on the 2015 Hourly Rate Fact Sheet published by the State Bar of Texas Department of Research and Analysis ("2015 Rate Sheet")[1] when computing reasonable hourly rates for attorneys' fees, I cross-checked the

---

[1] *Available at* https://www.texasbar.com/AM/Template.cfm?Section+Demographic_and_Economic_
Trends&Template=/CM/contentDisplay.cfm&ContentID=34182

reasonableness of my requested hourly rate with the 2015 Rate Sheet. *See, e.g.*, *Gill v. Bullzeye Oilfield Servs., LLC*, No. 15-cv-1166, 2018 WL 4677902 at *5 (W.D. Tex. July 19, 2018) (finding that courts in this jurisdiction have taken the 2015 Rate Sheet "into consideration as a starting point" when determining appropriate billing rates).

22.     The 2015 Rate Sheet indicates that the median hourly billing rate for attorneys in the Austin area in 2015 had increased 15.8% over 2 years, rising from $259 in 2013 to $300. *See* 2015 Rate Sheet at 8. Texas district courts may project the average billing rate in subsequent years by applying that same reported rate of change over time. *See, e.g.*, *Paisano Capital SA de CV v. Velazquez*, No. 7:19-cv-78, 2020 WL 1890702 at *3, n. 36 (S.D. Tex. Apr. 16, 2020). Adjusting the State Bar of Texas's reported median billing rate for Austin-area attorneys in 2015 ($300) by the reported rate of increase over 2 years (15.8%), the median hourly billing rate for attorneys in the Austin area in 2023 would be approximately $540. This calculation informed my assessment that $400 per hour is a reasonable billing rate in this case.

23.     The 2015 Hourly Fact Sheet further indicates that the median hourly billing rate for attorneys in the Austin area with approximately 10 years of experience is identical to the average billing rate for all Austin-area attorneys, discussed above. *See* 2015 Rate Sheet at 12 (reporting that rate was $300 in 2015 for attorneys with 7-10 or 11-15 years of experience). As an attorney who has been licensed to practice law for over 10 years, including 9.5 years of experience practicing exclusively in this area of law, the 2015 Hourly Fact Sheet thus supports setting my hourly rate at the projected 2023 average billing rate for attorneys practicing in the Austin area.

24.     Approximately 57 percent of the work I have performed thus far during the course of this litigation—roughly 265 hours—has been appellate-level work, including drafting Plaintiff's reply brief on the first appeal by the State-Defendant, drafting Plaintiff's opposition brief on the

subsequent appeal, and twice representing the Plaintiff at oral argument before the Fifth Circuit. The State Bar's 2015 Rate Sheet indicates that appellate-level work in the Austin area billed, on average, at $340 per hour in 2015, or 13.33% higher than the median hourly billing rate for attorneys in the Austin area. *See* 2015 Rate Sheet at 9. Adjusting the 2023 median billing rate for Austin-area attorneys by the same 13.33% yields an average hourly rate of approximately $612. This calculation informed my requested billing rate of $400 per hour.

25.     Courts in this jurisdiction have additionally held that attorneys specializing in the area of law at issue in a case may be "entitled to a 'premium'" on their billing rate by virtue of their certified expertise in the subject matter. *Ibarra v. United Parcel Serv. Inc.*, No. MO-10-CA-113, 2013 WL 12121463 at *2 (W.D. Tex. July 9, 2013); *see also Gill*, 2018 WL 4677902 at *5 (citing *Ibarra*). Given my expertise in the relevant area of law, this factor supports my conclusion that $400 is a reasonable billing rate for my legal work.

26.     A $400 hourly rate is also consistent with the rates I've charged, and recovered, in other First Amendment cases, once one accounts for the difference in average billing rates in the respective geographic areas. I recovered fees at an hourly rate of $350 in a 2016 lawsuit in the Western District of Texas, Alpine Division: *Freedom From Religion Found. v. Brewster Cty.*, No. 4:16-cv-14 (W.D. Tex. June 13, 2016), Dkt. No. 4 (order executing consent decree which included the recovery of attorneys' fees). The State Bar of Texas found that the median hourly rate in "Non-Metro Areas" (the applicable category for Brewster County and the rest of the geographic region covered in the W.D. Texas Alpine Division, *see* 2015 Rate Sheet at 16) was approximately 80% of the rate charged in the Austin area, and that this difference was approximately the same in 2013. *See* 2015 Rate Sheet at 8. *Without adjusting for inflation*, the $350 hourly rate I recovered in that 2016 case would thus be the equivalent of a $437.50 hourly rate in the Austin area.

27.      I similarly recovered fees at a rate of $350 per hour in a 2018 case, brought in an unincorporated township in rural Indiana. *See Freedom From Religion Found. v. Concord Cmty. Schs.*, No. 3:15-cv-463 (N.D. Ind. Sept. 27, 2018), Dkt. No. 99 (notice to court regarding parties' agreement on the recovery of attorneys' fees).

Executed on this 11th day of April, 2023.

*/s/ Samuel T. Grover*
Samuel T. Grover
Wisconsin State Bar No. 1096047
Email: sgrover@ffrf.org
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin 53701
Telephone: 608-256-8900
Telecopier: 608-204-0422

# Exhibit A -

## Attorney Grover Time Log

| Date | Description | Duration | | | |
|------|-------------|----------|--|--|--|
| | | | Total time: | | 469:10 |
| 1/5/16 | collected communications to State Preservation Board | 0:20 | Rate: | | $400 |
| 1/6/16 | initial litigation planning meeting with Atty Bolton & Atty Elliott | 1:25 | Total fees: | | $187,666.67 |
| 1/7/16 | research for complaint on forums, free speech | 2:30 | | | |
| 1/11/16 | reviewed attorney admission process for W.D. Tex | excluded | | | |
| 1/12/16 | began drafting complaint | 1:00 | | | |
| 1/13/16 | continued drafting complaint | 3:35 | | | |
| 1/13/16 | gathered photos of SPB removing FFRF's display | 0:15 | | | |
| 1/15/16 | finished drafting complaint first draft | 1:25 | | | |
| 1/22/16 | finished collecting info for W.D. Tex applications | excluded | | | |
| 2/2/16 | discussed complaint strategy | 0:35 | | | |
| 2/2/16 | research re: sovereign immunity | 1:25 | | | |
| 2/5/16 | reviewed Atty Bolton's draft complaint | 1:40 | no entries included for: | | |
| 2/8/16 | edited Atty Bolton's draft complaint | 0:45 | time spent on 2015 display | | |
| 2/9/16 | further edits to draft complaint and research into 11th Amendment | 1:15 | application and coordination, | | |
| 2/17/16 | consolidated edits to draft complaint | 1:05 | regular communications with | | |
| 3/3/16 | sworn in to Western District of Texas | excluded | client (FFRF), media | | |
| 4/4/16 | reviewed defendant's motion to dismiss | 2:10 | communication, time spent | | |
| 4/4/16 | researched 12(b)(6) standard of review | 0:20 | recording the entries in this | | |
| 4/4/16 | researched 12(d) applicability | 0:20 | time log. | | |
| 4/13/16 | meeting with Atty Bolton & Atty Elliott on response to MTD | 1:00 | | | |
| 4/20/16 | researched qualified immunity section of reply to MTD | 4:05 | | | |
| 4/21/16 | began drafting qualified immunity section of reply to MTD | 2:35 | | | |
| 4/22/17 | finished drafting qualified immunity section of reply to MTD | 4:20 | | | |
| 4/25/16 | call with Atty Bolton about reply to MTD vs amended complaint | 0:20 | | | |
| 4/26/16 | edited amended complaint | 1:15 | | | |
| 4/27/16 | edited amended complaint | 0:45 | | | |
| 5/16/16 | reviewed new MTD | 0:30 | | | |
| 5/16/16 | edited response: added argument, changed citations | 2:40 | | | |
| 6/23/16 | discussion over proposed settlement terms with Atty Elliott and FFRF Co-President Annie Laurie Gaylor | 0:50 | | | |
| 7/1/16 | review of plaintiffs' requests for production | 0:15 | | | |
| 7/12/16 | reviewed answers to complaint | 0:30 | | | |
| 7/12/16 | reviewed requests for production with Atty Elliott and FFRF Co-President Annie Laurie Gaylor to develop response and document search strategy | 0:20 | | | |
| 7/12/16 | began collecting responsive documents (emails with SPB) | 0:25 | | | |
| 7/13/16 | meeting with Atty Bolton & Atty Elliott to discuss need for depositions and interrogatories | 0:35 | | | |
| 7/19/16 | wrote 2016 display application and sponsorship request form (0:40) | excluded | | | |
| 7/19/16 | reviewed defendant's initial disclosures | 0:20 | | | |
| 7/21/16 | continued collecting responsive documents to RFP (internal emails, emails with local Texas contact) | 1:15 | | | |
| 8/2/16 | reviewed defendants' provided documents for inclusion in MSJ; discussed results with Atty Elliott | 1:55 | | | |
| 8/3/16 | continued collecting responsive documents to RFP (JF and TD emails, Freethought Today articles, Twitter, FFRF News emails, Facebook, Freethought Radio) (5:10) REDUCED | 2:35 | | | |
| 8/3/16 | reviewed all collected documents for RFP for AC privilege and work product | 1:45 | | | |
| 8/4/16 | created privilege log | 0:15 | | | |
| 8/8/16 | meeting Atty Bolton & Atty Elliott about need for deposition, SJ motion strategy | 0:15 | | | |
| 8/17/16 | edited proposed stipulated facts | 1:30 | | | |
| 8/17/16 | edited declaration of Attorney Grover | 1:25 | | | |
| 8/17/16 | finalized proposed stipulation of facts after Atty Elliott edits | 0:10 | | | |
| 8/18/16 | edited MSJ | 3:15 | | | |
| 8/19/16 | final edits and signing of my declaration, review of exhibits | 1:40 | | | |

| Date | Description | Time | | |
|---|---|---|---|---|
| 8/22/16 | read defendants' MSJ and exhibits, marked areas for rebuttal | 2:45 | | |
| 8/24/16 | began drafting reply to D's MSJ | 2:25 | | |
| 8/25/16 | continued drafting reply to D's MSJ, researched vagueness and overbreadth doctrines | 3:15 | | |
| 9/1/16 | continued drafting reply to D's MSJ, researched limited public forums | 3:50 | | |
| 9/2/16 | continued drafting reply to D's MSJ, argument on not a content restriction | 2:50 | | |
| 9/2/16 | arguments on not government speech and unbridled discretion | 3:45 | | |
| 9/6/16 | edited the reply to MSJ section on government speech | 0:15 | | |
| 9/14/16 | edited opening to MSJ based on Atty Bolton's suggestions | 0:35 | | |
| 9/19/16 | comments/edits to final draft of reply to D's MSJ | 2:35 | | |
| 1/13/17 | meeting with Atty Bolton & Atty Elliott to discuss injunction options | 0:20 | | |
| 1/13/17 | meeting with FFRF Co-President Annie Laurie Gaylor and Atty Elliott to discuss potential injunction | 0:25 | | |
| 4/13/17 | reviewed MSJ decision and discovery responses in preparation for crafting deposition questions | 0:30 | | |
| 4/14/17 | review of discovery for meeting | 0:45 | | |
| 4/14/17 | meeting with Atty Bolton & Atty Elliott on discovery & deposition strategy | 0:25 | | |
| 4/17/17 | added to Robert Davis deposition questions | 1:45 | | |
| 4/27/17 | preliminary review of D's requests for admission, interrogatories, and RFPs | 2:00 | | |
| 4/27/17 | drafted responses to each of D's RFAs | 2:40 | | |
| 4/28/17 | read Abbott's motion for protective order and D's response | 0:40 | | |
| 5/1/17 | analyzed D's motion for judgment and qualified immunity on the pleadings | 1:10 | | |
| 5/10/17 | research into proper scope for a motion on the pleadings and qualified immunity defense | 0:45 | | |
| 5/18/17 | gathered RFP documents for requests #2 and #3 | 1:15 | | |
| 5/18/17 | gathered RFP documents for all other requests | 2:00 | | |
| 5/19/17 | created organization structure for RFP documents gathered by others | 1:30 | | |
| 5/19/17 | meeting on D's discovery request | 1:20 | | |
| 5/22/17 | redacted responsive documents to D's RFP | 1:05 | | |
| 5/23/17 | summarized display application for interrogatory #14 | 0:35 | | |
| 5/24/17 | redacted responsive documents for RFP #7 and logged entries for interrogatory #14, plus responsive docs for RFP #1 | 5:05 | | |
| 5/25/17 | collected documents for RFP #7 (searched additional sources) and wrote summaries for entries for interrogatory #14 | 4:35 | | |
| 5/25/17 | meeting on deposition testimony with Atty Bolton | 1:00 | | |
| 5/25/17 | edited draft responses to RFPs and interrogatories | 0:40 | | |
| 5/26/17 | sat for FFRF Co-President Annie Laurie Gaylor deposition | excluded | | |
| 5/30/17 | reviewed D's responses to P's 2nd RFP and 1st interrogatories | 0:50 | | |
| 6/19/17 | reviewed SCOTUS decision in Mark v. Tam | 0:35 | | |
| 6/29/17 | wrote notes on John Sneed deposition testimony for use in MSJ | 1:50 | | |
| 7/12/17 | reviewed areas of examination for Governor's Office deposition | 0:15 | | |
| 7/13/17 | reviewed Dkt. 64 and sent thoughts to Atty Bolton | 1:20 | | |
| 7/19/17 | meeting with Atty Bolton & Atty Elliott on 30(b)(6) deposition and dispositive motions due date | 1:15 | | |
| 7/28/17 | reviewed P's 2d MSJ | 0:30 | | |
| 7/28/17 | reviewed D's 2d MSJ for response arguments | 1:45 | | |
| 7/28/17 | meeting with Atty Bolton & Atty Elliott about resp to D's 2d MSJ | 0:30 | | |
| 8/7/17 | began drafting Grover #2 declaration | 0:30 | | |
| 8/8/17 | continued drafting Grover #2 declaration, with fact checking | 3:40 | | |
| 8/11/17 | modified Grover #2 declaration and prepared exhibits | 1:50 | | |
| 10/13/17 | reviewed court ruling on SJ motions and emailed with client | 0:45 | | |
| 10/16/17 | meeting with FFRF Co-President Dan Barker & Atty Elliott on decision and strategy | 0:15 | | |
| 11/2/17 | meeting re: options after appeal filed with Atty Bolton & Atty Elliott | 0:30 | | |
| 2/5/18 | review of proposed Motion for Entry of Judgment & 2 conversations with Atty Elliott on proposed language | 0:50 | | |
| 2/6/18 | began draft declaration In support of motion for attorneys' fees | 0:15 | | |
| 2/7/18 | review of new draft of proposed Motion for Entry of Judgment | 0:15 | | |
| 2/7/18 | continued drafting declaration in support of motion for attorneys' fees | 3:55 | | |
| 2/8/18 | finalized declaration in support of motion for attorney's fees | 2:10 | | |
| 4/25/18 | email regarding joint resolution of issues | 0:10 | | |
| 4/27/18 | met with Atty Bolton to discuss options on voluntary dismissal of claims | 0:20 | | |

| Date | Description | Time | | | |
|------|-------------|------|---|---|---|
| 5/1/18 | email to Atty Bolton and discussion with Atty Elliott on resolving outstanding claims | 0:15 | | | |
| 5/4/18 | discussion with Atty Elliott on joint stipulation and entry of final judgment, email to Atty Bolton | 0:15 | | | |
| | | 0:25 | | | |
| 5/30/18 | began drafting Second Motion for Entry of Judgment | | | | |
| 5/31/18 | research into requirements for entry of final judgment and continued drafting of Second Motion for Entry of Judgment | 1:55 | | | |
| 6/8/18 | continued drafting second motion for entry of judgment | 0:45 | | | |
| 6/15/18 | research into remedies; finalized second motion for entry of judgment | 2:25 | | | |
| 6/15/18 | research into remedies; drafted proposed final judgment order | 2:00 | | | |
| 6/20/18 | read final judgment | 0:05 | | | |
| 6/26/18 | updates to atty fees declaration | 1:20 | | | |
| 7/13/18 | discussion on appeal, cross appeal, and attorneys fees with attorneys Bolton and Elliott | 0:50 | | | |
| 7/24/18 | reviewed draft joint motion and proposed order on staying attorney fee deadlines | 0:10 | | | |
| 11/19/18 | reviewed filings to date in appeal (extension request on Ds' initial brief) | 0:25 | | | |
| 12/14/18 | reviewed appeals documents for inclusion of relevant materials (MSJs, responses, replies) | 1:10 | | | |
| 1/3/19 | read Appellant's brief | 0:50 | | | |
| 1/3/19 | fact checked Appellant's statement of facts | 0:20 | | | |
| 1/3/19 | conversation w/ Attorney Elliott on facts statements and response | 0:15 | | | |
| 1/3/19 | conversation w/ Attorney Elliott on declaratory vs injunctive relief | 0:30 | | | |
| 1/4/19 | review and commented on proposed response brief and principle brief arguments | 0:40 | | | |
| 1/11/19 | reviewed transcript of 04/06/18 status conference (0:20) REDUCED | 0:10 | | | |
| 1/11/19 | meeting w/ Attorneys Bolton and Elliott on Abbott response and cross appeal | 0:55 | | | |
| 2/12/19 | edited principle brief on appeal | 1:30 | | | |
| 2/12/19 | drafted new appeals brief argument on unfettered discretion (1:40) | excluded | | | |
| 3/26/19 | reviewed Appellants' response brief for reply | 1:10 | | | |
| 3/26/19 | began drafting FFRF's reply brief, outline and prospective relief section | 4:25 | | | |
| 3/27/19 | continued drafting FFRF's reply brief, ongoing violation section | 6:05 | | | |
| 3/28/19 | continued drafting FFRF's reply brief, ongoing violation and Matal sections | 5:50 | | | |
| 3/29/19 | continued drafting FFRF's reply brief, unbridled discretion section (5:20) | excluded | | | |
| 3/29/19 | cleaned up entire first draft of reply brief | 0:50 | | | |
| 4/4/19 | deposition review for FFRF's reply brief, ongoing violation section | 0:35 | | | |
| 4/4/19 | edits to FFRF's reply brief version 1.1 | 1:05 | | | |
| 4/8/19 | drafted FFRF reply brief version 1.2 | 2:20 | | | |
| 4/9/19 | drafted FFRF reply brief version 1.2 summary of the argument | 1:15 | | | |
| 4/10/19 | drafted FFRF reply brief version 1.2 prospective relief section | 4:20 | | | |
| 4/15/19 | final revisions to Attorney Bolton's version of reply brief | 4:25 | | | |
| 6/25/19 | review of three SCOTUS decisions for applicability to this appeal | 1:10 | | | |
| 9/16/19 | oral argument prep (document review) | 3:00 | | | |
| 9/20/19 | additional document review for oral argument on appeal | 2:25 | | | |
| 9/23/19 | outline oral argument, all sections | 1:20 | | | |
| 9/25/19 | oral argument outline and case review, Matal section | 1:20 | | | |
| 9/26/19 | oral argument outline and case review, Matal and unbridled discretion sections | 5:15 | | | |
| 9/30/19 | oral argument prep, unbridled discretion and remedy sections | 5:05 | | | |
| 10/1/19 | oral argument prep, remedy sections | 3:50 | | | |
| 10/1/19 | drafted proposed opening statements | 1:30 | | | |
| 10/2/19 | oral argument prep for moot | 1:15 | | | |
| 10/2/19 | oral argument moot | 1:20 | | | |
| 10/3/19 | oral argument prep, presentation strategizing | 1:30 | | | |
| 10/3/19 | alterations to oral argument outline | 3:15 | | | |
| 10/4/19 | oral argument - precedent review and summaries | 1:10 | | | |
| 10/7/19 | oral argument run-through and changes | 1:50 | | | |
| 10/8/19 | organized/reviewed oral argument supporting documents | 2:15 | | | |
| 10/8/19 | oral argument run-through | 2:10 | | | |
| 10/9/19 | flights to New Orleans for oral argument (6:20) REDUCED | 3:10 | | | |
| 10/9/19 | oral argument run-through | 1:50 | | | |
| 10/10/19 | pre-argument final review | 2:45 | | | |
| 10/10/19 | 5th Cir. oral argument | 0:40 | | | |
| 10/10/19 | post-argument debrief call to Attorney Elliott, FFRF in-house attorneys | 0:15 | | | |
| 10/10/19 | post-argument debrief with Attorney Bolton (0:50) REDUCED | 0:25 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 10/10/19 | return flights from New Orleans (6:30) REDUCED | 3:15 | | | |
| 10/11/19 | oral argument recording review and notes (1:15) REDUCED | 0:35 | | | |
| 10/11/19 | oral argument debrief with FFRF Co-Presidents (0:10) | excluded | | | |
| 10/14/19 | research into questions presented at oral argument (1:25) REDUCED | 0:40 | | | |
| 4/3/20 | read 5th Cir remand decision | 0:20 | | | |
| 4/3/20 | consulted with Attorney Elliott re next steps | 0:10 | | | |
| 4/3/20 | interpreted decision for FFRF (0:15) | excluded | | | |
| 4/6/20 | research into appeals court fee and costs recovery | 0:30 | | | |
| 4/6/20 | email to Attorneys Bolton & Elliott re next steps on fee and cost recovery | 0:10 | | | |
| 5/7/20 | three emails with Attorneys Bolton & Elliott re potential opposition to motion to issue mandate | 0:15 | | | |
| 6/3/20 | phone call and conversation with Attorney Elliott re: new district court filing | 0:10 | | | |
| 6/15/20 | review of Attorney Bolton's proposed injunctive relief language and response email with new wording | 0:20 | | | |
| 6/16/20 | discussion of new proposed judgment wording (3 separate drafts) with Attorneys Elliott & Bolton via email | 0:25 | | | |
| 6/25/20 | review of draft State Preservation Board rule changing capitol displays | 0:20 | | | |
| 6/25/20 | phone call with Attorney Elliott re: new brief | 0:25 | | | |
| 6/25/20 | began drafting new brief on prospective relief and unbridled discretion | 3:15 | | | |
| 6/29/20 | continued drafting brief re: unbridled discretion and prospective relief | 6:15 | | | |
| 7/7/20 | review of, and comments on, Attorney Bolton's draft brief | 0:40 | | | |
| 7/8/20 | edited prospective relief brief section | 0:20 | | | |
| 7/8/20 | edited proposed relief to conform to case law requirements | 0:45 | | | |
| 7/8/20 | call with Attorney Elliott re: remedies | 0:20 | | | |
| 7/8/20 | multiple emails with Attorneys Bolton & Elliott re: brief | 0:20 | | | |
| 7/9/20 | review of final brief draft (0:40) REDUCED | 0:20 | | | |
| 7/9/20 | read Ds' brief on remand, marked arguments for response | 0:45 | | | |
| 7/10/20 | call with Attorney Elliott re: response brief | 0:50 | | | |
| 7/10/20 | drafted response brief section V (continuing violation) | 2:20 | | | |
| 7/13/20 | continued drafting response brief sec. V and outlined prior sections | 2:15 | | | |
| 7/13/20 | call with attorneys Bolton & Elliott re: response brief | 0:55 | | | |
| 7/14/20 | redrafted response brief sec. V (relinquished some arguments and language to prior sections) and finalized (2:40) REDUCED | 1:20 | | | |
| 7/15/20 | resp email to Attorneys Bolton & Elliott re: hypo on new policy | 0:10 | | | |
| 7/15/20 | research and analysis of Summum/Walker factors in resp. to email from Attorney Bolton | 2:35 | | | |
| 7/21/20 | edited draft response brief, added comments and new language throughout | 3:45 | | | |
| 7/22/20 | added new language to response brief re: 2nd mootness condition | 1:05 | | | |
| 7/22/20 | email exchange with Attorneys Bolton and Elliott re: brief arguments | 0:25 | | | |
| 7/22/20 | review of new response brief draft and emailed comments to Attorney Bolton | 0:45 | | | |
| 7/22/20 | review of final draft of response brief | 0:20 | | | |
| 7/23/20 | review of Ds' resp br with comments for reply | 1:25 | | | |
| 9/11/20 | email to counsel and FFRF re: telephone conference order | 0:10 | | | |
| 9/18/20 | case status conference call | 0:10 | | | |
| 3/15/21 | legal research for supplemental briefing on Uzuebgunam case | 0:40 | | | |
| 3/17/21 | research into requirements for supplemental briefing | 1:30 | | | |
| 3/17/21 | phone call w/ Attorney Elliott re: supp briefing argument | 0:35 | | | |
| 3/17/21 | review of briefing for supplement | 0:55 | | | |
| 3/17/21 | case law review for supplemental briefing | 2:15 | | | |
| 3/18/21 | began drafting parts of supp. br. on Uzuebgunam decision (2:20) REDUCED | 1:10 | | | |
| 3/19/21 | conference call w/ Attorneys Bolton & Elliott re: supplemental briefing | 0:55 | | | |
| 3/22/21 | continued drafting supp. br. on Uzuebgunam decision (5:10) REDUCED | 2:35 | | | |
| 3/23/21 | continued drafting supp. br. on Uzuebgunam decision (3:40) REDUCED | 1:50 | | | |
| 3/24/21 | finalized draft of supp. br. on Uzuebgunam decision (1:40) REDUCED | 0:50 | | | |
| 3/24/21 | prepared three exhibits for supp. br. (0:15) | excluded | | | |
| 3/24/21 | email to Attorneys Bolton & Elliott re: draft of supp. br. with exhibits | 0:05 | | | |
| 3/25/21 | final edits to supp. br. with changes from Attorneys Bolton & Elliott (2:05) REDUCED | 1:00 | | | |
| 3/26/21 | additional edits to final draft of supp. br. (0:40) REDUCED | 0:20 | | | |
| 3/26/21 | emailed with Attorney Elliott & legal asst. re: supp. br. | 0:10 | | | |
| 3/29/21 | reviewed Ds' supp. br. re: Uzuebgunam | 0:20 | | | |

| Date | Description | Time | | | |
|---|---|---|---|---|---|
| 5/5/21 | read court's Order on remand (126) | 0:20 | | | |
| 5/6/21 | phone call with Attorney Elliott re: attorneys' fees affidavits and local requirements | 0:30 | | | |
| 5/6/21 | email to Attorneys Bolton & Elliott re: attorneys' fees petition | 0:10 | | | |
| 5/7/21 | research re: attorneys' fees reasonable rates for new declarations | 1:20 | | | |
| 5/11/21 | research into Texas district court cases calculating reasonable billing rates | 2:15 | | | |
| 5/11/21 | emailed Attorneys Bolton & Elliott re: case law on reasonable attorneys' fees | 0:15 | | | |
| 5/11/21 | email to Austin-area counsel re: reasonable billing rates | 0:10 | | | |
| 5/12/21 | updated Grover attorney hours sheet with reductions and exclusions for attorneys' fee declaration | 0:50 | | | |
| 5/12/21 | redrafted and finalized attorney Grover declaration re: attorneys' fees, with citation | 2:55 | | | |
| 5/17/21 | conference call re: attorneys' fees w Attorneys Bolton, Elliott, and AG's office | 0:25 | | | |
| 5/17/21 | follow-up conversation with Attys Bolton & Elliott | 0:10 | | | |
| 5/27/21 | email to Attys Bolton & Elliott w/ research re: attorney fees and response re: defendants' appeal | 0:25 | | | |
| 6/9/21 | reviewed dkt. 135 & 135-1, D's motion to postpone briefing on attorneys' fees and costs | 0:10 | | | |
| 6/10/21 | emails with Attorneys Elliott & Bolton re: appeal | 0:05 | | | |
| 6/15/21 | emails with Attorneys Bolton & Elliott re deadline for breifing on fees and responding to state's motion to delay | 0:10 | | | |
| 6/16/21 | edits to Pl.'s Resp. to Ds.' motion to stay fees decision | 0:35 | | | |
| 6/18/21 | edits to fee motion | 0:30 | | | |
| 8/30/21 | contacted Atty Bolton re: joint appendix | 0:05 | | | |
| 9/9/21 | read Pet's App Br and began notes for response | 4:45 | | | |
| 9/9/21 | email to Attys Bolton & Elliott to set meeting to discuss Resp Br | 0:05 | | | |
| 9/15/21 | meeting with Attorneys Bolton & Elliott re: Opp. Br. arguments and timeline | 0:35 | | | |
| 9/16/21 | review and incorporate Attorney Elliott's notes on Pet's Br. into outline | 0:35 | | | |
| 9/21/21 | continued outlining Resp. Br. | 0:45 | | | |
| 10/11/21 | began drafting Opp. Br. arguments | 5:50 | | | |
| 10/21/21 | began drafting Opp. Br. mootness section | 3:30 | | | |
| 10/22/21 | continued drafting Opp. Br. mootness section | 6:25 | | | |
| 10/25/21 | continued drafting Opp. Br. mootness section | 1:20 | | | |
| 10/26/21 | case reseach for Opp. Br. | 3:15 | | | |
| 10/27/21 | continued drafting Opp. Br. mootness section and began drafting statement of the case | 4:35 | | | |
| 10/28/21 | continued drafting Opp. Br mootness section | 5:50 | | | |
| 10/29/21 | ontinued drafting Opp. Br all sections | 4:45 | | | |
| 11/1/21 | finalized first draft of Opp. Br. argument sections | 4:15 | | | |
| 11/2/21 | revisions to Opp. Br. argument sections, based on comments and additional research | 5:45 | | | |
| 11/2/21 | continued drafting Opp. Br. statement of the case | 1:10 | | | |
| 11/3/21 | finalized Opp. Br. statement of the case first draft | 0:50 | | | |
| 11/3/21 | drafted Opp. Br. argument section III | 2:25 | | | |
| 11/3/21 | finalized misc. sections to Opp. Br. full draft (issues presented, summary of the argument, conclusion) | 2:15 | | | |
| 11/8/21 | incorporated Attorney Elliott's edits into new draft from Attorney Bolton | 0:50 | | | |
| 11/8/21 | edited new draft into final | 3:55 | | | |
| 2/8/22 | began argument review for Fifth Cir oral arg prep | 3:30 | | | |
| 2/9/22 | continued argument review for oral arg prep, began argument outline | 4:05 | | | |
| 2/10/22 | continued review of filings and argument outline | 2:35 | | | |
| 2/11/22 | continued review of filings and argument outline | 0:50 | | | |
| 2/15/22 | continued oral argument prep | 3:45 | | | |
| 2/17/22 | ontinued oral arg prep (review of State's cited cases, written summaries for arg outline) | 4:15 | | | |
| 2/18/22 | continued oral arg prep (review of State's cited cases) | 0:45 | | | |
| 2/18/22 | finalized first full draft of arg outline | 2:25 | | | |
| 2/21/22 | continued adding subsections to arg outline, with case review and case summaries added | 5:30 | | | |
| 2/22/22 | drafted intro for oral arg | 1:10 | | | |
| 2/22/22 | finalized full arg outline | 2:35 | | | |
| 2/23/22 | ran through oral arg intro, sections for moot | 0:50 | | | |
| 2/23/22 | edits to oral arg sections | 1:15 | | | |
| 2/23/22 | moot for oral arg | 1:55 | | | |
| 2/24/22 | reviewed comments re: moot and made adjustments to intro and full outline | 3:05 | | | |
| 2/25/22 | ran through oral argument, made changes to tone and flow | 4:10 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 2/28/22 | augmented oral argument outline with citaitons to ROA | 3:25 | | | |
| 3/1/22 | case review for oral argument | 2:30 | | | |
| 3/1/22 | oral argument practice | 0:50 | | | |
| 3/2/22 | incorporated legal fellow case summaries/research into argument outline | 0:40 | | | |
| 3/2/22 | continued oral argument practice | 2:15 | | | |
| 3/3/22 | oral argument practice runs | 1:15 | | | |
| 3/3/22 | case review for oral argument prep | 2:10 | | | |
| 3/4/22 | oral argument practice run | 0:40 | | | |
| 3/4/22 | cut down oral argument outline to enhance flow and ease jumping to responses to anticipated questions | 1:30 | | | |
| 3/6/22 | travel to New Orleans for oral argument (travel to airport, flights, and hotel) (9:00) REDUCED | 4:30 | | | |
| 3/6/22 | oral argument practice and final revisions to argument outline | 3:30 | | | |
| 3/7/22 | argument runthrough | 0:20 | | | |
| 3/7/22 | Fifth Circuit appearance for oral argument | 2:05 | | | |
| 3/7/22 | post-argument debrief with FFRF Attorneys Markert & Elliott | 0:25 | | | |
| 3/7/22 | call with Attorney Elliott re: State's argument concerning new changes to exhibit applications rule | 0:25 | | | |
| 3/7/22 | travel to Madison (travel to airport, flights, and travel home) (9:30) REDUCED | 4:45 | | | |
| 3/8/22 | oral argument debrief to FFRF attorneys, co-president | 0:15 | | | |
| 3/15/22 | call with Attorneys Elliott & Kaloyanides re: mootness of appeal | 0:25 | | | |
| 4/7/22 | read State's 28j supplement | 0:10 | | | |
| 4/7/22 | email to Attorneys Markert & Elliott re: 28j supplement | 0:05 | | | |
| 4/7/22 | research re: when an appeal is moot, proper scope of Rule 28(j) | 2:30 | | | |
| 4/7/22 | wrote first draft response to State's 28j letter | 1:35 | | | |
| 4/11/22 | edits to Attorney Bolton's revised draft 28(j) response letter | 0:40 | | | |
| 5/12/22 | read State's 28(j) letter re: Shurtleff | 0:10 | | | |
| 5/12/22 | email to Attorneys Markert, Elliott, & Bolton: suggestions for 28(j) response | 0:10 | | | |
| 5/12/22 | drafted potential responses to State's 28(j) letter | 3:30 | | | |
| 5/17/22 | reviewed Attorney Bolton's draft response to State's 28(j) letter | 0:15 | | | |
| 5/17/22 | edited/combined draft responses and updated all citations | 0:40 | | | |
| 5/17/22 | emailed Attorneys Bolton & Elliott with updated response draft and explanation of which arguments were included | 0:05 | | | |
| 7/13/22 | several emails with Attorneys Bolton & Elliott re: potential 28(j) letter | 0:10 | | | |
| 7/13/22 | reviewed CA5 decision in Tucker v. Gaddis for potential 28(j) letter | 0:25 | | | |
| 7/13/22 | drafted 28(j) letter re: Tucker v. Gaddis | 1:35 | | | |
| 9/6/22 | review State's 3d 28(j) memo | 0:10 | | | |
| 9/6/22 | review Franciscan Alliance v. Becerra decision | 0:45 | | | |
| 9/8/22 | edited Attorney Bolton's draft 28(j) resp letter, with new analysis paragraph | 0:50 | | | |
| 11/17/22 | read court order re: supp br on reg repeal | 0:05 | | | |
| 11/17/22 | sent/read 3 emails with Attys Bolton & Elliott re: drafting supp br | 0:10 | | | |
| 11/18/22 | read 3 emails from Attys Bolton & Elliott re: drafting supp br | 0:10 | | | |
| 11/23/22 | began drafting supp br on reg repeal: pulled prior filing language and reviewed prior filings and cited case law | 1:55 | | | |
| 12/1/22 | continued drafting supp br on reg repeal, mootness and voluntary cessation sections | 2:20 | | | |
| 12/2/22 | continued drafting supp br on reg repeal, mootness section | 1:45 | | | |
| 12/6/22 | continued writing first draft of supp br on reg repeal, all sections, with research into vacatur standard | 6:35 | | | |
| 12/7/22 | finalized first draft of supp br on reg appeal, all sections | 3:15 | | | |
| 12/7/22 | emailed first draft to Attys Bolton & Elliott for editing, with explanation on arguments | 0:10 | | | |
| 12/9/22 | edited Atty Bolton's new draft of supp br on reg appeal, with comments | 2:15 | | | |
| 12/9/22 | emailed new draft to Attys Bolton & Elliott with explanation of changes | 0:10 | | | |
| 1/27/23 | read Fifth Circuit's Order vacating and remanding | 0:40 | | | |
| 1/31/23 | reviewed CA5 case law and requirements for recovering attorneys' fees (2:25) | excluded | | | |
| 3/7/23 | updated attorney hours sheet with entries since last submission | excluded | | | |