UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. <br> Plaintiff, <br><br> -vs- <br><br> GOVERNOR GREG ABBOTT <br> and <br> ROD WELSH, Executive Director of the Texas State Preservation Board, in their official capacities, <br> Defendants. | § § § § § § § § § § § § § <br><br> CASE NO. 1:16-cv-00233 |

### DECLARATION OF ATTORNEY PATRICK C. ELLIOTT IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

I, Patrick C. Elliott, do hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct and based on my personal knowledge:

1. I am Senior Counsel for the Freedom From Religion Foundation, Inc. ("FFRF") and an attorney of record for the Plaintiff in this matter.

2. The vast majority of my professional expertise, experience as an attorney, and work product has involved violations of the First Amendment to the U.S. Constitution, including Establishment Clause, free exercise, and free speech issues.

**Professional Background**

3. I graduated from the University of Wisconsin Law School in May of 2009.

4. I was admitted to the State Bar of Wisconsin in June of 2009 and have been an active member of the State Bar of Wisconsin since. I have been admitted to practice in Minnesota since November of 2015. I am admitted to practice before the U.S. District Court for the Western


EXHIBIT 4

District of Texas, the U.S. District Court for the Western District of Wisconsin, the U.S. District Court for the Eastern District of Wisconsin, the U.S. District Court for the Eastern District of Michigan, the U.S. District Court for the District of Nebraska, the U.S. Court of Appeals for the Third Circuit, the U.S. Court of Appeals for the Fourth Circuit, the U.S. Court of Appeals for the Seventh Circuit, and the U.S. Supreme Court. I have, at all times, been a member in good standing in each bar and court to which I have been admitted.

5. I have been employed by the Freedom From Religion Foundation since February of 2010, during which time my duties have primarily included addressing violations of the First Amendment. I am currently employed as Senior Counsel for FFRF. My primary responsibility is to manage and oversee litigation.

6. I have litigated First Amendment cases in federal courts across the country, including:

- *Mays v. Cabell Cnty. Bd. of Educ.*, 3:22-cv-00085 (S.D. W.Va.) (Challenging religious revivals held for students during the school day).
- *Cragun v. Merril*, No. 2:20-cv-01517, Dkt. 20 (N.D. Ala. Order April 7, 2021) (Ordering stipulated dismissal pursuant to settlement of Free Speech, Establishment Clause, and Free Exercise challenge)
- *Hart v. Thomas*, 422 F. Supp. 3d 1227 (E.D. Ky. 2019) (Holding that state's denial of motorist's specialized license plate constituted viewpoint discrimination and violated the Free Speech Clause)
- *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183 (4th Cir. 2019), *reh'g denied* (Jan. 28, 2019), *cert. denied*, 140 S. Ct. 111 (2019) (Finding that parent had standing to pursue First Amendment challenge to religious instruction in public school)
- *FFRF v. The County of Lehigh*, No. 17-3581, 933 F.3d 275 (3rd Cir. 2019) (Finding that county seal did not violate the Establishment Clause)
- *Cobranchi v. City of Parkersburg*, No. 2:18-cv-02298 (S.D. W. Va., Complaint filed July 31, 2018) (Ongoing First Amendment challenge to city's invocation practice)
- *Orsi v. Martin*, No. 4:18-cv-00343 (E.D. Ark., filed May 23, 2018) (Ongoing First Amendment challenge to Ten Commandments monument)
- *FFRF v. New Kensington-Arnold Sch. Dist.*, No 2:12-cv-01319, Dkt. 106 (W.D. Pa. Order Jan. 4, 2017) (Closing case following successful appeal as to plaintiff's standing and settlement removing Ten Commandments monument in front of a public school)

- *FFRF v. Connellsville Area Sch. Dist.*, 127 F.Supp.3d 283 (W.D. Pa. Memorandum Opinion Aug. 28, 2015) (Holding, in part, that school Ten Commandments monument violated the Establishment Clause);
- *Marshall v. City of Warren*, No. 2:14-cv-12872, Dkt. 50 (E.D. Mich. Judgment Feb. 23, 2015) (Issuing permanent injunction in a free speech challenge to restrictions on use of city hall atrium)
- *Nielson v. Sch. Dist. Five of Lexington & Richland Counties*, 3:12-cv-01427, Dkt. 122 (D. S.C. Order Dec. 1, 2014) (Order dismissing challenge to prayer at school graduations and school board meetings upon settlement)
- *Doe 1 v. Sch. Bd. of Giles Cnty.*, No. 7:11-cv-00435, Dkt. 62 (W.D. Va. Stipulation of Dismissal, July 2, 2012) (Resolving Establishment Clause challenge to Ten Commandments display in a public school)

7. I have coordinated, advised, and provided litigation support, on numerous additional cases, including:

- *Parker v. McMaster*, 2022-CP-4004891 (S.C. Ct. of Common Pleas, 5th Judicial Circuit) (Challenging state appropriation under the South Carolina Constitution).
- *FFRF v. Kaul*, No. 3:19-cv-00058 (W.D. Wis., stipulated dismissal filed Nov. 20, 2019) (First Amendment and state constitution challenge to chaplaincy program)
- *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Housing and Urban Development*, No. 1:18-cv-00114 (D.D.C. filed Jan. 18, 2018) (FOIA challenge to denial of fee waivers to non-profit, public interest groups)
- *FFRF v. Brewster Cty.*, No. 4:16-014 (W.D. Tex. June 13, 2016) (Issuing consent decree regarding religious display on law enforcement vehicles)
- *FFRF v. Orange Cnty. Sch. Bd.*, 610 F.App'x 844 (11th Cir. 2015) (Affirming district court dismissal of case on mootness grounds in free speech challenge to school literature distribution practices)
- *FFRF v. Town of Whiteville*, No. 1:11-cv-01374 (W.D. Tenn. Agreed Judgment, Aug. 8, 2012) (Enjoining town from installing stand-alone crosses on city hall property and awarding attorney fees)

8. In addition to litigation, I have also authored *amicus curiae* briefs filed with the U.S. Supreme Court, Third Circuit Court of Appeals, Fourth Circuit Court of Appeals, Seventh Circuit Court of Appeals, Minnesota Court of Appeals, Wisconsin's Dane County Circuit Court, Wisconsin Court of Appeals, and Wisconsin Supreme Court. I have co-authored *amicus* briefs filed with the Ninth Circuit Court of Appeals, and Eleventh Circuit Court of Appeals. These briefs concerned First Amendment issues.

9. I have worked to provide educational programming to other lawyers on civil rights matters. I was a Board Member of the Civil Rights and Liberties Section of the State Bar of Wisconsin from 2017-2022 and served as the Board Chair from 2020-2021.

10. I have presented six continuing legal education (CLE) programs related to First Amendment issues. In November of 2019, I presented at a seminar hosted by the State Bar of Wisconsin titled, "Section 1983 Overview for General Litigators." In June of 2019, I presented a program titled "Social Media and Free Speech" at the State Bar of Wisconsin Annual Meeting and Conference. In September of 2016, I presented on "The Establishment Clause & Public Schools" at a Legal Association for Women CLE event in Madison, Wisconsin. I also participated in a program entitled "Chipping Away the Wall of Separation – A Survey of Recent Supreme Court Cases Regarding the Establishment Clause" at a Legal Association for Women CLE event in August 2014. In August of 2013, I presented a program titled "Deconstructing the First Amendment" at the School Law Conference of the South Carolina School Boards Association.

## Time Spent and Billing Discretion Exercised

11. An itemization of the hours I have worked on this case and the work performed is attached to this declaration as Exhibit A. These hours are based on the contemporaneous records that I maintained during the course of the case, and are a true and accurate reflection of professional services actually expended by me, on the topics stated, in service to the Plaintiff in this litigation. The cumulative total of the billable hours I have worked on this case, after the exclusions and reductions noted below, is 62 hours and 35 minutes.

12. My time spent litigating this case was tracked by logging the time upon starting and ending a task. For intra-office consistency, I have rounded that time to the nearest 5-minute increment (times exceeding a time increment by less than 2 minutes 30 seconds were rounded

4

down, while times exceeding a time increment by more than 2 minutes 30 seconds were rounded up). This time-tracking method is exceedingly generous to the client, resulting in significantly lower logged time overall.

13. All entries performing one task during the same day have been consolidated as one entry, even when the time spent performing the task was interrupted with breaks. The breaks are not included in the logged time.

14. I have exercised reasonable billing judgment in determining the amount of attorneys' fees that the Plaintiff is requesting for my services to ensure that the time for which the Plaintiff is seeking compensation is reasonable in light of the tasks I was required to perform. The subject matter of this litigation was not particularly novel for attorneys with experience in First Amendment law. However, this case was made considerably more complex due to the multiple novel defenses raised. Additionally, First Amendment lawsuits are notoriously fact-specific, such that every case is in some sense novel. It took considerable skill to appropriately apply the facts of the case to the relevant legal standards, while addressing the multiple defenses raised.

15. All the hours for which I am seeking recovery are inextricably intertwined with the Plaintiff's free speech claims.

16. It is also noteworthy that my employer, FFRF, is a small nonprofit organization. FFRF is necessarily limited by staffing constraints and budgetary considerations when making decisions regarding taking new cases. The considerable amount of time of attorney time on this case necessarily factored into FFRF's calculations regarding whether it was able to take on other legal work.

**Hourly Rate**

17. Due to my experience and expertise in First Amendment law, and Establishment Clause and free speech law specifically, plus my understanding of the hourly rates typically charged by attorneys with similar experience and expertise in the Austin area, I believe that $400 per hour is a reasonable hourly rate for my work in this case, which encompassed both district court and appellate-level work.

18. In reaching this conclusion, I relied on cases from within the Western District of Texas that have ruled on the reasonable hourly rate for attorneys working in the Austin area. This includes the fee decision by this Court in *MidCap Media Finance, LLC v. MidCap Media Finance, LLC*, No. 1:15-cv-00060, 2021 WL 4267719 (W.D. Tex. Sept. 20, 2021) (finding hourly rates of $530 and $495 "fall within the range reported for associates of similar skill, experience, and reputation in the Austin area).". This case was noteworthy due to the attorneys involved having slightly less litigation experience to my own: Robertson ($495/hour) graduated law school in 2014 and Oliver ($530/hour) graduated law school in 2016. I also reviewed *Whole Woman's Health v. Hellerstedt*, No. 1:14-cv-284 (W.D. Tex. Aug. 9, 2019) (holding that $400 was a reasonable hourly rate for attorneys working in the Austin area and was consistent with the *Johnson* factors) and *Pierre v. Vasquez*, No. 1:20-cv-00224, 2022 WL 17822465 (W.D. Tex. Dec. 19, 2022) (Determining that an uncontested rate of $375 was reasonable in civil rights action).

19. In recognition that some Texas courts have relied, in part, on the 2015 Hourly Rate Fact Sheet published by the State Bar of Texas Department of Research and Analysis ("2015 Rate Sheet")[1] when computing reasonable hourly rates for attorneys' fees, I cross-checked the

---

[1] *Available at* https://www.texasbar.com/AM/Template.cfm?Section+Demographic_and_Economic_Trends&Template=/CM/contentDisplay.cfm&ContentID=34182

6

reasonableness of my requested hourly rate with the 2015 Rate Sheet. *See, e.g., Gill v. Bullzeye Oilfield Servs., LLC*, No. 15-cv-1166, 2018 WL 4677902 at *5 (W.D. Tex. July 19, 2018) (finding that courts in this jurisdiction have taken the 2015 Rate Sheet "into consideration as a starting point" when determining appropriate billing rates).

20. The 2015 Rate Sheet indicates that the median hourly billing rate for attorneys in the Austin area in 2015 had increased 15.8% over 2 years, rising from $259 in 2013 to $300. *See* 2015 Rate Sheet at 8. Texas district courts may project the average billing rate in subsequent years by applying that same reported rate of change over time. *See, e.g., Paisano Capital SA de CV v. Velazquez*, No. 7:19-cv-78, 2020 WL 1890702 at *3, n. 36 (S.D. Tex. Apr. 16, 2020). Adjusting the State Bar of Texas's reported median billing rate for Austin-area attorneys in 2015 ($300) by the reported rate of increase over 2 years (15.8%), the median hourly billing rate for attorneys in the Austin area in 2023 would be approximately $540. This calculation informed my assessment that $400 per hour is a reasonable billing rate in this case.

21. The 2015 Hourly Fact Sheet further indicates that the median hourly billing rate for attorneys in the Austin area with approximately 10 years of experience is identical to the average billing rate for all Austin-area attorneys, discussed above. *See* 2015 Rate Sheet at 12 (reporting that rate was $300 in 2015 for attorneys with 7-10 or 11-15 years of experience). As an attorney who has been licensed to practice law for over 13 years, all of which has been practicing exclusively in this area of law, the 2015 Hourly Fact Sheet thus supports setting my hourly rate at the projected 2023 average billing rate for attorneys practicing in the Austin area.

22. Courts in this jurisdiction have additionally held that attorneys specializing in the area of law at issue in a case may be "entitled to a 'premium'" on their billing rate by virtue of their certified expertise in the subject matter. *Ibarra v. United Parcel Serv. Inc.*, No. MO-10-CA-

113, 2013 WL 12121463 at *2 (W.D. Tex. July 9, 2013); *see also Gill*, 2018 WL 4677902 at *5 (citing *Ibarra*). Given my expertise in the relevant area of law, this factor supports my conclusion that $400 is a reasonable billing rate for my legal work.

23.     A $400 hourly rate is also consistent with the rates that attorneys in my office have recovered in other First Amendment cases, once one accounts for the difference in average billing rates in the respective geographic areas. I recovered fees at an hourly rate of $300 in a case in the Eastern District of Kentucky. *Hart v. Thomas,* No. 3:16-cv-00092, 2020 WL 708449, at *2 (E.D. Ky. Feb. 10, 2020). In other cases, attorneys at FFRF with similar experience have recovered rates as high as $550 per hour depending on the jurisdiction. *See FFRF v. Chino Valley Unified Sch. Dist. Bd. Of Educ.*, 5:14-02336, Dkt. 101 (Order Granting in part Plaintiffs' motion for attorney's fees) (C.D. Cal., March 31, 2016) (Approving rates of $500 and $550 for FFRF attorneys with similar expertise and experience).

Executed on this 12th day of April, 2023

/s/ Patrick C. Elliott
Patrick C. Elliott
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin 53701
Email: pelliott@ffrf.org
Telephone: 608-256-8900
Telecopier: 608-204-0422

# Exhibit A -

## Attorney Elliott Time Log

| Date | Description | Duration | Total time: | 62:35:00 |
|---|---|---|---|---|
| 1/6/16 | Meeting with Atty. Grover and Bolton regarding complaint | 1:25:00 | Rate: | $400 |
| 1/6/16 | Research government facility free speech forum | 0:10:00 | Total fees: | $25,033.33 |
| 1/7/16 | Research re: individual capacity claims against officials | 0:30:00 | | |
| 4/13/16 | Meeting with Atty Grover and Bolton re: response to MTD | 1:00:00 | | |
| 4/25/16 | Unattended display forum research | 0:50:00 | | |
| 6/23/16 | Discuss proposed settlement terms with Atty. Grover and Annie Laurie Gaylor | 0:50:00 | | |
| 7/12/16 | Review request for production with Atty. Grover and Annie Laurie Gaylor | 0:20:00 | | |
| 7/13/16 | Review/analyze Answer and prepare for discovery | 0:40:00 | | |
| 7/13/16 | Meeting with Atty Grover and Atty Bolton to discuss discovery | 0:35:00 | | |
| 8/2/16 | Review of produced 2015 discovery docs | 0:25:00 | | |
| 8/8/16 | Meeting with Atty Grover and Atty Bolton re: discovery and Mot. for Summary Judgment | 0:15:00 | | |
| 8/17/16 | Review proposed stipulated fact changes | 0:25:00 | | |
| 8/18/16 | Edits and comments on Mot. for Summary judgment | 0:45:00 | | |
| 8/22/16 | Review and analysis on Def. Mot. for Summary Judgment | 0:45:00 | | |
| 8/23/16 | Research for response to Def. Mot. for Summary Judgment | 0:40:00 | | |
| 8/23/16 | Draft rebutal arguments in response to Def. Mot. for Summary Judgment | 0:30:00 | | |
| 1/13/17 | Meeting with Atty Grover and Atty Bolton re: injunction | 0:20:00 | | |
| 1/13/17 | Meeting with Atty Grover and Annie Laurie Gaylor re: injunction | 0:25:00 | | |
| 3/21/17 | Review scheduling and email re: settlement offer | 0:20:00 | | |
| 4/13/17 | Discovery preparation: Interrogatory request research, deposition prep | 0:35:00 | | |
| 4/14/17 | Meeting with Atty Grover and Atty Bolton re: depositions and discovery | 0:25:00 | | |
| 4/14/17 | Drafting interrogs; review of permit record and production; drafting Davis questions | 2:20:00 | | |
| 5/4/17 | Meeting with Atty Grover and Bolton re: discovery and judg on the pleadings | 0:20:00 | | |
| 5/25/17 | Production of discovery documents and review | 1:50:00 | | |
| 7/12/17 | Review and email re: scope and topics of 30(b)(6) deposition | 0:10:00 | | |
| 7/18/17 | Review letter brief, email Atty. Bolton re: response | 0:20:00 | | |
| 7/18/17 | Research re: letter brief & personal capacity, immunity, conduct required | 0:30:00 | | |
| 7/19/17 | Meeting with Atty. Grover and Atty. Bolton re: depositions, case strategy | 1:15:00 | | |
| 7/24/17 | Clay deposition review and analysis | 0:35:00 | | |
| 7/25/17 | Clay deposition review and analysis | 0:15:00 | | |
| 7/28/17 | Meeting with Atty Grover and Atty Bolton Re: Second Mot. for Summary Judgment | 0:30:00 | | |
| 10/13/17 | Review order regarding motions for summary judgment & email to Atty. Bolton, client | 0:25:00 | | |
| 10/16/17 | Meeting with Client Dan Barker and Atty. Grover re: Summary Judgment decision | 0:15:00 | | |
| 11/2/17 | Meeting with Atty. Bolton & Atty. Grover re: appeal and settlement | 0:30:00 | | |
| 12/22/17 | Researching atty fee motion and supporting documents for post-judgment | 0:40:00 | | |
| 2/5/18 | Review proposed Motion for Entry of Judgment, Discuss with Atty. Grover | 0:20:00 | | |
| 4/6/18 | Prepare Proposed Injunction | 0:15:00 | | |
| 4/6/18 | Revise Proposed Injunction Draft | 0:05:00 | | |
| 4/18/18 | Review proposed dismissal and order, email to Atty Bolton & Grover | 0:15:00 | | |
| 5/1/18 | Review partial dismissal/settlement | 0:10:00 | | |
| 5/4/18 | Discuss joint stipulation and entry of judgment with Atty. Grover | 0:10:00 | | |
| 6/11/18 | Edits and analysis of proposed injunction | 0:10:00 | | |
| 6/15/18 | Revisions to Judgment Motion | 0:15:00 | | |
| 6/20/18 | Email to Atty Bolton, Atty Grover re: Judgment and Motion for Atty Fees | 0:05:00 | | |
| 6/28/18 | Research re: Atty Fees & Preparing Declaration in Support of Motion for Atty Fees | 0:35:00 | | |
| 6/28/18 | Preparing Declaration in Support of Motion for Attorney Fees | 1:05:00 | | |
| 7/13/18 | Meeting with Atty Bolton, Atty Grover re: appeal, atty fee stay, application | 0:50:00 | | |
| 1/2/19 | Research & analysis of Abbott 5th Cir. brief re: 11th Amendment and declaratory relief | 2:35:00 | | |

| Date | Description | Time |
|---|---|---|
| 1/3/19 | Research Abbot 5th Cir. Brief: review of cited cases | 0:40:00 |
| 1/3/19 | Research Abbott 5th Cir. brief: declaratory relief cases | 1:10:00 |
| 1/3/19 | Discuss facts statements in brief with Atty Grover | 0:15:00 |
| 1/3/19 | Discuss 5th Cir. response brief arguments with Atty Grover | 0:30:00 |
| 1/4/19 | Research Abbott 5th Cir. Brief: declaratory relief cases | 0:50:00 |
| 1/4/19 | Outline response brief and cross appeal argument | 2:05:00 |
| 1/4/19 | Email to Atty Bolton, Grover re: research and outline on response | 0:10:00 |
| 1/4/19 | Email to Atty Bolton, Grover re: Supreme Court free speech cert grant | 0:05:00 |
| 1/10/19 | Research re: Declarations & prospective relief | 0:20:00 |
| 1/11/19 | Meeting re: response brief and cross appeal arguments w/Atty Bolton and Grover | 0:55:00 |
| 2/12/19 | Review and Edits to Response Brief and Cross Appeal, email to Atty Bolton and Grover | 1:00:00 |
| 4/3/19 | Edits and research for Reply Brief re: ongoing harm, remedy, unbridled discretion | 0:50:00 |
| 4/15/19 | Reply brief edits | 0:45:00 |
| 10/2/19 | Oral argument research and moot prep | 1:25:00 |
| 10/2/19 | Oral argument moot w/Atty Grover, Bolton, Blonien, Markert | 1:20:00 |
| 6/3/20 | Email to Atty Bolton, Atty Grover re: proposal for remedy on remand | 0:10:00 |
| 6/16/20 | Research re: scope of injunction and wording for court order | 0:20:00 |
| 6/16/20 | Drafting edits to proposed judgment order and email to Atty Bolton, Grover | 0:15:00 |
| 6/25/20 | Research re: amendments to exhibit regulations and mootness | 0:35:00 |
| 6/25/20 | Call w/Atty Grover re: amendments to exhibit regs, mootness, & gov. speech arguments | 0:25:00 |
| 6/26/20 | Research and drafting memo re: mootness and new regulations | 1:10:00 |
| 6/29/20 | Research and draft memo re: mootness and new regulations | 1:30:00 |
| 6/30/20 | Review & edits on draft brief on prospective relief and unbridled discretion | 0:35:00 |
| 6/30/20 | Research and draft memo re: mootness and new regulations | 0:55:00 |
| 7/1/20 | Email to Atty Bolton, Grover re: injunctive relief | 0:10:00 |
| 7/8/20 | Call w/Atty Grover re: remedies | 0:20:00 |
| 7/10/20 | Abbott relief brief analysis and research | 0:25:00 |
| 7/10/20 | Call w/Atty Grover re: response brief | 0:50:00 |
| 7/13/20 | Call w/Atty Bolton & Grover re: brief on remedy | 0:55:00 |
| 7/21/20 | Research and edits to response brief on remedy and mootness | 0:25:00 |
| 7/22/20 | Review and edits to response brief on remedy and mootness | 0:10:00 |
| 7/23/20 | Review and analyze Abbott response brief on remedies | 0:20:00 |
| 3/17/21 | Supplemental brief research re: Uzuegbunam | 0:50:00 |
| 3/17/21 | Call w/Atty Grover re: Uzuebunam decision and supplemental briefing | 0:35:00 |
| 3/19/21 | Call w/Atty Bolton and Grover re: Uzuegbunam supplemental briefing and mootness | 0:55:00 |
| 3/26/21 | Review final draft of supplemental brief & edits | 0:15:00 |
| 5/6/21 | Call w/Atty Grover re: atty fee motion, declarations | 0:30:00 |
| 5/12/21 | Research applicable W.D. TX attorney fee award cases | 0:25:00 |
| 5/13/21 | Updated Elliott attorney hours sheet for attorneys' fee declaration | 0:25:00 |
| 5/17/21 | conference call re: attorneys' fees w/Atty Bolton, Grover, and AG's office | 0:25:00 |
| 5/17/21 | follow-up call with Atty Bolton and Grover re: fee petition | 0:10:00 |
| 5/27/21 | Research re: prevailing party status | 0:35:00 |
| 6/16/21 | Edits to Plaintiff's Brief in Opposition to Motion to Stay | 0:15:00 |
| 9/14/21 | Prepare preliminary analysis of Abbott appeal brief | 1:05:00 |
| 9/15/21 | Call w/Atty Bolton, Atty Grover re: Abbott's 5th Cir. brief and FFRF's response brief | 0:35:00 |
| 2/21/22 | Research and prep for moot and oral argument before 5th Cir. | 1:20:00 |
| 2/23/22 | Moot Atty Grover, with Atty Bolton for oral argument prep | 1:15:00 |
| 3/4/22 | Create additional questions for Atty Grover for oral argument prep | 0:20:00 |
| 3/7/22 | Call w/Atty Grover re: new mootness arguments by state | 0:25:00 |
| 3/15/22 | Call with Atty. Grover and consulting attorney Kaloyonides re: mootness | 0:25:00 |
| 4/8/22 | Research re: filed 28(j) letter and prepare response | 0:40:00 |
| 12/9/22 | Revisions to Supplemental Letter to 5th Cir. re: mootness | 0:25:00 |
| | **Total (h:m)** | **62:35:00** |