UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC.,** § § § | | |
| *Plaintiff,* § § § | | |
| v. § § § | NO. 1:16-CV-00233-DII-DH | |
| **GOVERNOR GREG ABBOTT AND ROD WELSH, EXECUTIVE DIRECTOR OF THE TEXAS STATE PRESERVATION BOARD, IN THEIR OFFICIAL CAPACITIES,** § § § § § § | | |
| *Defendants.* § | | |

## FREEDOM FROM RELIGION FOUNDATION'S OBJECTION TO REPORT & RECOMMENDATION

Pursuant to to 28 U.S.C. § 636(b)(1)(C), the Freedom From Religion Foundation ("FFRF" or the "Foundation") respectfully makes the following objection to the November 27 Report and Recommendation of the United States Magistrate Judge (Dkt. 162) ("Report"). The Foundation agrees with the bulk of the Report, including: the legal analysis concluding that the Foundation is a prevailing party within the meaning of 42 U.S.C. § 1988 (Report at 7–11), the recommendation as to the appropriate hourly rates for counsel (Report at 16–18), the recommendation against a downward departure under the *Johnson* factors (Report at 18), and the ultimate recommendation that this Court grant the Foundation's Motion for Attorneys' Fees and Costs (Report at 1, 19). The sole

objection relates to the calculation of hours worked, where the Report erroneously treats this case as one where the prevailing party obtained a "mixed" result, which leads to the recommendation that the Court apply a blanket 25% reduction to the total number of hours billed by counsel for the Foundation. Because this is a civil rights case where the Foundation fully achieved its ultimate goal of ending a constitutional violation and protecting its First Amendment rights, no blanket fee reduction is warranted. The Report also conflates the concept of discrete causes of action with motion practice related to ultimately successful claims.

## LEGAL STANDARD

This Court's review is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## ARGUMENT

The Report's recommendation to apply a blanket 25% fee reduction to the fees sought by the Foundation is premised on the conclusion that "a reduction is needed to account for FFRF's time spent on unsuccessful claims and legal theories." Report at 14. But this is legally incorrect in the context of a civil rights lawsuit where, as here, all of the Foundation's claims and legal theories shared a common core of facts: they all were directed at resolving the same civil rights violation. The Fifth Circuit has repeatedly recognized that "when claims . . . share a common core of facts or related legal theories, a

fee applicant may claim all hours reasonably necessary to litigate those issues." *Monroe v. Houston Indep. Sch. Dist.*, No. 21-20642, 2023 WL 1434280 at *4 (5th Cir. 2023) (quoting *Fessler v. Porcelana Corona De Mexico*, 23 F.4th 408, 416 (5th Cir. 2022)). It is only when unsuccessful claims in the lawsuit "are *unrelated to the successful claims*, [that] 'the unsuccessful ones must be treated as if they had been raised in separate lawsuits and excluded from the fee award.'" *Monroe*, 2023 WL 1434280 at *4 (emphasis added) (quoting *Fessler*, 23 F.4th at 416). The Foundation made no unrelated claims in this case.

The Report erroneously characterizes the result that the Foundation obtained through its litigation as a "mixed success." Report at 14, 19 n.3. In actuality, FFRF fully obtained the result that it originally sought: a judgment establishing the unconstitutionality of the State's action in excluding the Foundation's exhibit from a limited public forum within the Texas Capitol, thus correcting a violation of federal law and protecting the Foundation's constitutional rights. Importantly, the effect of the declaratory relief obtained would have been identical even if the Foundation had prevailed on all of its related legal theories rather than solely on its free speech claim. That makes the result in the present case entirely distinguishable from the result in *Fessler*, the case on which the Report relied. In *Fessler* the Fifth Circuit focused on the results obtained because the case was fundamentally one for monetary damages. *See* 23 F.4th at 416. Over the course of the litigation the complainant sought to recover "injunctive relief and compensatory, punitive, and treble damages for all owners of seven different tank models manufactured over nine years." *Id.* Instead, "[t]he suit resulted in

3

two, much narrower, settlements. . . . recovery was ultimately restricted to two tank models with limited compensatory damages for one year and limited replacement costs for five years . . . . For three of the models, there was no recovery." *Id.* Each claim for monetary damages in that case was a distinct claim that could have conceivably been brought by a separate plaintiff class is a separate legal action. *Fessler* bears no relation to a civil rights case in this regard.

     The alternative legal theories raised by the Foundation at the outset of this case all concerned remedying the same civil rights violation; they are not severable in the same way as product liability claims. The ultimate result obtained by the Foundation was declaratory relief that fully validated the Foundation's claim that its civil rights were being violated and protected the Foundation from future violations. That result is a complete success, analogous to the result obtained in other civil rights cases, such as *Fox v. Vice*, where the Supreme Court wrote, "we have made clear that plaintiffs may receive fees under § 1988 even if they are not victorious on every claim. *A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law* and, in so doing, has vindicated Congress's statutory purposes." 563 U.S. 826, 834 (2011) (emphasis added). The *Fox* Court went on to explain that while the fee award "should not reimburse the plaintiff for work performed on claims that bore *no relation* to the grant of relief . . . the presence of these unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights." *Id.* In reaching this conclusion, the *Fox* Court relied heavily on *Hensley v.*

*Eckerhart*, where the Supreme Court first outlined the particular characteristics of civil rights claims as they relate to fee awards:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. ***Such a lawsuit cannot be viewed as a series of discrete claims***. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. ***Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.***

461 U.S. 424, 435 (1983) (emphasis added). The Fifth Circuit has long followed the Supreme Court's advice when it comes to the award of fess in the civil rights context. *See, e.g.*, *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 n.10 (5th Cir. 1986) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." (quoting *Hensley*, 461 U.S. at 440)); *see also Cobb v. Miller*, 818 F.2d 1227, 1233–35 (5th Cir. 1987) (reversing a blanket fee reduction in the civil rights context). This Court should do the same.

The same principle articulated in *Fox* and *Hensley*—and regularly followed by the Fifth Circuit—also cuts against the conclusion in the Report that the Foundation's success on appeal was "mixed." Report at 15. The articulated principle does not distinguish between work done in the district court and work done on appeal; the focus remains on the ultimate result obtained. Still, through its two appeals the State sought a complete reversal of the Foundation's district court victory, and ultimately, all of the appeals work undertaken by counsel for the Foundation was necessary in order to

5

preserve the success FFRF achieved in the district court. During its first appeal, while the State was successful in obtaining a remand to the district court, that remand came with direction "for the district court to enter appropriate *prospective* relief for FFRF." Memorandum & Order (Doc. 00515371821) at 10 (Apr. 3, 2020). Upon remand, the State sought a complete dismissal of the case, despite the Fifth Circuit's Order. *See* State's Br. on Remand (Dkt. 111) at 28 ("For the foregoing reasons, this Court should dismiss this case."). On its second appeal the remedy sought by the State was for the Fifth Circuit to "vacate the permanent injunction and the district court's declaratory judgment and remand with instruction to dismiss this case for lack of jurisdiction." State's Br. on Second Appeal (Doc. 00516006509) (Sept. 8, 2021) at 42; *see also* State's Third 28(j) letter (Doc. 00516456785) (Sept. 1, 2022) at 2 ("[T]his Court should vacate the district court's judgment and either dismiss FFRF's case or instruct the district court to do so."); State's Supp. Letter Br. (Doc. 00516573613) (Dec. 9, 2022) ("[T]he Court should still vacate the district court's order."). Instead, the Fifth Circuit ultimately preserved the declaratory relief entered by this Court. The Foundation's efforts on appeal fully contributed to the success that it ultimately achieved, and thus, those hours are recoverable, without a blanket reduction, under existing precedent.

In fact, the Fifth Circuit has recognized that "a party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim." *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). A litigant "who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Air Transportation Association of Canada v. FAA*, 156

6

F.3d 1329, 1335 (D.C. Cir. 1998) (quoting *Cabrales v. City of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). In the present case, opposing the State's various mootness and jurisdictional arguments were such "necessary steps" to FFRF's ultimate victory. In addition, the use of alternative arguments for relief by the plaintiff does not justify a fee reduction. *See Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005); *Mohammed v. Barr*, No. 17-70686, 2019 WL 7503025, at *2 (9th Cir. Oct. 11, 2019); *E.C. v. Philadelphia Sch. Dist.*, 644 F. App'x 154, 156–57 (3d Cir. 2016). The Report incorrectly conflates each task related to a successful claim with the concept of discrete causes of action.

For the foregoing reasons, this Court should reject the proposed 25% blanket fee reduction in the November 27 Report and Recommendation of the United States Magistrate Judge (Dkt. 162). This Court should adopt the Report in all other respects and award the Foundation attorneys' fees and costs in the adjusted amount of $438,263.75 (See Dkt. 161, Ex. 2)

Respectfully submitted this 11th day of December, 2023.

*/s/ Samuel T. Grover*
Samuel T. Grover
Wisconsin State Bar No. 1096047
Email: sgrover@ffrf.org
Patrick Elliott
Wisconsin State Bar No. 1074300

Email: pelliott@ffrf.org
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin 53701
Telephone: 608-256-8900
Telecopier: 608-204-0422

Richard L. Bolton
BOARDMAN AND CLARK, LLP
1 S. Pinckney St., Suite 410
Madison, Wisconsin 53703-4256
Telephone: 608-257-9521
Telecopier: 608-283-1709
Wisconsin State Bar No. 1012552
Email: rbolton@boardmanclark.com

Daniel H. Byrne
Texas State Bar No. 03565600
Email: dbyrne@fbhf.com
Lessie G. Fitzpatrick
Texas State Bar No. 24012630
Email: lfitzpatrick@fbhf.com
FRITZ, BYRNE, HEAD & FITZPATRICK, LLC
221 West 6th Street, Suite 960
Austin, Texas 78701
Telephone: (512) 476-2020
Facsimile: (512) 477-5267

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system on this the 11th day of December, 2023, which will send notification to the following:

    Benjamin S. Walton
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, TX 78701
    Telephone: (512) 463-2798
    Telecopier: (512) 320-0667
    Email: Benjamin.walton@oag.texas.gov

*/s/Samuel T. Grover*
Samuel T. Grover